■ BERNARD O'HARA et al., Respondents-Appellants, v DANA WALLACE, JR., Appellant-Respondent.—In an action *inter alia* to declare that plaintiffs are entitled to a right of way over a certain roadway, defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered September 11, 1975, as, *inter alia*, (1) declared that plaintiffs have an easement for ingress and egress over the subject roadway and (2) enjoined defendant from maintaining obstructions thereon and plaintiffs cross-appeal from so much of the same judgment as (1) limited the extent of their ingress and egress over the subject roadway to less than its full width as established on a certain filed map, and (2) directed that unless the defendant, at his expense, removed, within a certain period of time, all obstructions which he has caused to be erected or placed anywhere in the bed of the said roadway, the plaintiffs would have the right to do so, at their own expense. Judgment modified, on the law and facts, by (1) deleting the ninth decretal paragraph thereof and substituting therefor provisions that defendant shall remove all of the trees, bushes and plantings which he has caused to be planted, together with all fences, remnants of fences, signs and all other obstructions which he has caused to be erected or placed in the 10-foot strip in the bed of Dehnhoff Roadway and all other fences, remnants of fences, signs and all other obstructions which he has caused to be placed anywhere in the bed of the same roadway, and that, upon his failure to do so, plaintiffs may cause the same to be done, at the expense of the defendant and (2) deleting from the first decretal paragraph thereof the words "reasonable pedestrian passage", and substituting therefor the words, "highway purposes." As so modified, judgment affirmed, without costs or disbursements. Defendant shall have 90 days from the service upon his attorneys of a copy of the order to be made hereon within which to comply with the direction for the removal of all obstructions. Upon the record presented, Special Term found an easement in favor of the plaintiffs to the extent necessary for pedestrian access to and from the ocean beach (cf. *Matter of Village of Olean v Steyner,* 135 NY 341; *Matter of City of New York [125th & 126th Sts.],* 270 NY 495, affg 244 App Div 725; *Markusfeld v Huguenot Stas.,* 15 Misc 2d 174). It adjudged that plaintiffs have an easement, four feet in width, south from their lots to the ocean, limited to pedestrian use. The 1905 map, from which both the plaintiffs and the defendant bought their lots, shows Dehnhoff Roadway, the street on which their lots front, to be 25 feet in width and to extend from Great South Bay to the Atlantic Ocean. Nothing in the record or in the trial court's decision shows a basis for that part of the judgment which constitutes a finding that the easement granted to the plaintiffs was limited to pedestrian use and encompassed a width of only four feet. Since Special Term's determination that defendant's alleged adverse possession was subordinate to the road easement shown on the map (see *Matter of City of New York [125th & 126th Sts.], supra),* there was no basis for its adjudication that the easement's extent and permissible use on a permanent basis is something less than that shown on the map. Under the conveyances in this case, plaintiffs' easement extends to the use of the entire area of the street for highway purposes (see *Fiebelkorn v Rogacki,* 280 App Div 20, 22, affd 305 NY 725). However, since no present necessity is shown for the unlimited use by plaintiffs of the full width of the roadway, and since a direction that defendant remove obstructions from the entire area would place a considerable burden upon him, we limit the relief

presently afforded to plaintiffs to the easement granted by Special Term. Such determination is without prejudice to a subsequent application by plaintiffs based upon a showing of a change in the present circumstances. There is precedent for vindicating a plaintiff's rights by recognizing their existence in a decree, but withholding enforcement of such rights to the full extent where it would be inequitable to do so (see *Powlowski v Mohawk Golf Club,* 204 App Div 200; *Lyon v Water Comrs. of City of Binghamton,* 228 App Div 585). As to the expenses of removing the present obstructions in the roadway, while natural growth would not ordinarily be the responsibility of the defendant, in this case, where he has gone to some pains to prove that he planted over 300 trees to obstruct the roadway, the cost of clearing the right of way should be borne by him. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur. [83 Misc 2d 383.]