EVERETT A. LUDWIG AND WIFE, BARBARA A. LUDWIG v. MALCOLM S. HART AND WIFE, DORIS ANN HART

(No. 781SC363

(Filed 6 March 1979)

1. **Mortgages and Deeds of Trust § 24.1; Rules of Civil Procedure § 19—foreclosure of deed of trust—trustee as necessary party**

    Portion of a judgment directing foreclosure of a deed of trust and the sale of the property described therein was void where the trustee was not made a party to the action, since the trial court could not determine the claim before it without prejudicing the rights of the trustee, and it was required, even in the absence of a motion by one of the parties, to order the trustee summoned to appear in the action. G.S. 1A-1, Rule 19.

2. **Cancellation and Rescission of Instruments § 10.2— mental incapacity to contract—sufficiency of evidence**

    Defendants' evidence was sufficient to support their claim that a contract, note and deed of trust were unenforceable because of the mental incapacity of the male defendant to contract at the times in question where a physician testified that he had observed the male defendant during the significant time period, that the male defendant fantasized and did not test reality well, and that reality testing is that which allows people to conduct their affairs in a normal fashion, and where an accountant testified that, based on his observations of and conversations with the male defendant, he was of the opinion that the male defendant did not have the mental capacity to understand the nature and consequences of his acts.

3. **Rules of Civil Procedure § 50.2— directed verdict in favor of party having burden of proof**

    The trial court erred in granting a directed verdict in favor of plaintiffs in an action on a note where plaintiffs alleged and had the burden of proving that defendants defaulted on the note, defendants denied they had defaulted, and plaintiffs' right to recover depended on the credibility of their witnesses.

APPEAL by defendants from *Cowper, Judge.* Judgment entered 26 October 1977 in Superior Court, DARE County. Heard in the Court of Appeals 31 January 1979.

This action arose from the transactions and activities of the parties relating to the sale and transfer of a business by the plaintiffs to the defendants. On 22 October 1974, the plaintiffs to this action signed a written agreement by which the plaintiffs promised to sell all of the corporate stock and specified assets of a business known as Four B's Rental, Inc. to the defendants in exchange for the defendants' promise to pay the plaintiffs $75,000.

The purchase price called for in the agreement was tendered to the plaintiffs by the defendants on 2 November 1974 in the form of a promissory note signed by the defendants and secured by a deed of trust. Thereafter, on or about 29 December 1974, the defendants made the first scheduled payment of $10,000 on the note but failed to make the second scheduled payment of $15,000 when it became due on 1 June 1975. Upon this default by the defendants, the plaintiffs declared the entire balance due and payable. The plaintiffs instituted this action against the defendants on 28 August 1975 to obtain judgment for the balance owed them under the note and to foreclose on the deed of trust securing the note. As defenses to the plaintiffs' action, the defendants alleged that the note and deed of trust were not supported by consideration, that there was a failure of consideration supporting the contract to purchase the business, that the consideration supporting the contract to purchase was grossly inadequate, that the defendant, Mr. Hart, did not have mental capacity to enter into a contract, and that the defendants' signatures were procured by fraud. Additionally, the defendants counterclaimed seeking to have the contract, note and deed of trust set aside for the same reasons asserted as defenses in their answer.

This action came on for trial before the trial court and a jury and evidence was presented. After all of the evidence had been presented, the plaintiffs moved for a directed verdict as to the defendants' counterclaim. The trial court granted the plaintiffs' motion for a directed verdict and, on its own motion, allowed judgment for the plaintiffs on their original claim. From the entry of that judgment, the defendants appealed.

Additional facts pertinent to this appeal are hereinafter set forth.

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White and John H. Hall, Jr., for plaintiff appellees.*

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, P.A., by John G. Gaw, Jr., for defendant appellants.*

MITCHELL, Judge.

[1] The defendants first contend that the failure of the plaintiffs to join the trustee in the deed of trust as a party to this action

renders the judgment of foreclosure void. G.S. 1A-1, Rule 19(a) requires that a person must be joined as a party to an action if that person is "united in interest" with another party to the action. A person is "united in interest" with another party when that person's presence is necessary in order for the court to determine the claim before it without prejudicing the rights of a party before it or the rights of others not before the court. In the present case, the trial court's determination of the plaintiffs' claim resulted in the divestment of the trustee's legal title to the property held under the deed of trust. The trustee had both a right and an obligation to present evidence of any defenses he might have to that divestment. As the trustee was not before the court, however, his right to present evidence of possible defenses to the plaintiffs' action was prejudiced by the court's determination of their claim. Since the trial court could not determine the claim before it without prejudicing the rights of the trustee, it was required, even in the absence of a motion by one of the parties, to order the trustee summoned to appear in the action. G.S. 1A-1, Rule 19(b). A judgment which is determinative of a claim arising in an action to which one who is "united in interest" with one of the parties has not been joined is void. Therefore, in this action to which the trustee in the deed of trust was not made a party, that portion of the judgment directing foreclosure and the sale of the property described in the deed of trust is void.

The defendants next contend that the trial court erred in granting the plaintiffs' motion for a directed verdict with regard to the defendants' counterclaim. A motion for a directed verdict requires the trial court determine whether the evidence presented at trial is sufficient as a matter of law to support the nonmoving party's claim against the moving party. *Sibbett v. Livestock, Inc.*, 37 N.C. App. 704, 247 S.E. 2d 2 (1978). In determining whether the evidence presented is sufficient to withstand a motion for a directed verdict, the trial court must consider all of the evidence in the light most favorable to the nonmoving party giving that party the benefit of every reasonable inference to be drawn therefrom. *Byerly v. Byerly*, 38 N.C. App. 551, 248 S.E. 2d 433 (1978). If the evidence tends to establish the claim of the nonmoving party when considered in this light, the trial court commits reversible error by granting the motion.

The defendants' counterclaim in the present case alleged among other things that the contract to purchase the business, the note, and the deed of trust were each unenforceable as the defendant Malcolm S. Hart did not have sufficient mental capacity to enter into a contract. A person has sufficient mental capacity to enter a contract if he is possessed of

> the ability to understand the nature of the act in which he is engaged and its scope and effect, or its nature and consequences, not that he should be able to act wisely or discreetly, nor to drive a good bargain, but that he should be in such possession of his faculties as to enable him to know at least what he is doing and to contract understandingly. There is no particular formula to be used in such cases . . . but the law in this respect should be explained to the jury with reference to the special and peculiar facts of the case being tried, and under the guidance of such general principles as have been settled and declared by the courts.

*Sprinkle v. Wellborn,* 140 N.C. 163, 181, 52 S.E. 666, 672 (1905). *Accord, Goins v. McLoud,* 231 N.C. 655, 58 S.E. 2d 634 (1950); *Cameron v. Power Co.,* 138 N.C. 365, 50 S.E. 695 (1905). Anyone may testify as to his or her opinion of the mental condition of another person if he or she has a reasonable basis upon which to form that opinion. *State v. Brower,* 289 N.C. 644, 224 S.E. 2d 551 (1976); *Moore v. Insurance Co.,* 266 N.C. 440, 146 S.E. 2d 492 (1966); *Clary v. Clary,* 24 N.C. 78 (1841); Annot., 40 A.L.R. 2d 15 (1955).

[2] Dr. Franklin Stanford Burroughs, a licensed physician, testified in the present case that he had observed Mr. Hart during September, October and November of 1974 and that he had an opinion satisfactory to himself as to whether Mr. Hart knew the nature and consequences of his acts. Dr. Burroughs indicated that during that period of time Mr. Hart fantasized and that such fantasizing was associated with all psychotic illnesses. He was of the opinion that Mr. Hart did not test reality well and that reality testing is that which allows people to conduct their affairs in a normal fashion. Additionally, Edgar M. Johnson, Jr., a certified public accountant, testified that, based upon his observations of and conversations with Mr. Hart, he was of the opinion that Mr. Hart did not have the mental capacity to understand the nature and consequences of his acts.

Such evidence, when considered in the light most favorable to the defendants, was sufficient to support their claim that the contracts in question were unenforceable due to the mental incapacity to contract of the defendant, Malcolm S. Hart, at the times in question. Therefore, that portion of the trial court's judgment granting the plaintiffs' motion for a directed verdict with regard to the defendants' counterclaim was erroneous and must be reversed.

[3] Although not specifically assigned as error by the defendants, we have chosen as a matter of judicial efficiency to consider *ex mero motu* whether the trial court erred in granting a directed verdict in favor of the plaintiffs with regard to their original claim. The plaintiffs alleged in their complaint, and therefore had the burden of proving, that the defendants had defaulted on a note. By their answer, the defendants denied that they had defaulted on the note. At no time either before or during the trial did the defendants admit they had defaulted on the note.

> The trial judge may not direct a verdict in favor of the party having the burden of proof when his right to recover depends upon the credibility of his witnesses, even though the evidence is uncontradicted, the defendants' denial of an alleged fact, necessary to the plaintiff's right of recovery, being sufficient to raise an issue as to the existence of that fact, even though he offers no evidence tending to contradict that offered by the plaintiff. *Cutts v. Casey*, 278 N.C. 390, 417-422, 180 S.E. 2d 297.

*Rose v. Motor Sales*, 288 N.C. 53, 61-62, 215 S.E. 2d 573, 578 (1975). Therefore, the trial court erred in granting a directed verdict in favor of the plaintiffs on their original complaint and this portion of the judgment must be reversed.

We have reviewed the defendants' remaining assignments of error but find it unnecessary to discuss them as they are not likely to recur should this action again be tried. For the reasons previously set forth, that portion of the judgment of the trial court directing foreclosure and the sale of property described in the deed of trust is vacated. That portion of the judgment granting a directed verdict for the plaintiffs with regard to the defendants' counterclaim is reversed. That portion of the judgment granting a directed verdict in favor of the plaintiffs with regard

to their original claim against the defendants is reversed. The cause is remanded for further proceedings in accordance with this opinion and applicable law.

Vacated in part, reversed in part and remanded.

Judges MARTIN (Robert M.) and ERWIN concur.