THORIR D. BJORNSSON AND WIFE, ERNA B. BJORNSSON v. CARLTON H. MIZE, PEARL B. MIZE, AND MONTESSORI CHILDREN'S HOUSE OF CHAPEL HILL, INC.

No. 8414SC1300

(Filed 18 June 1985)

1. **Nuisance § 7— alteration of flow of surface water—summary judgment improper**

    The trial court erred by granting summary judgment for the Mizes in a private nuisance action in which plaintiffs sought to hold adjacent landowners liable for flooding damages because of their alteration of the flow of surface water where plaintiffs offered affidavits that the flooding was caused in part by the Mize development and in part by the downstream drainage system, and the Mizes offered affidavits that the flooding was caused entirely by an inadequate drainage system downstream from the plaintiffs' property.

2. **Nuisance § 7— alteration of flow of surface water—summary judgment proper**

    The trial court did not err in granting the Rule 12(b)(6) motion of defendant Montessori Children's House, treated as a motion for summary judgment because matters outside the record were considered, where Children's House presented an affidavit that it had never been the owner of the property in

question and had not come into possession of the property until after the last flooding complained of in the complaint, and plaintiffs did not come forward with evidence showing an issue of triable fact between the parties.

**3. Rules of Civil Procedure § 19— alteration of flow of surface water—necessary party**

In an action in which plaintiffs sought to hold adjacent landowners liable for flooding caused by alteration of the flow of surface water, the trial court erred by failing to join as a necessary party Montessori Partnership, the record owner of the property leased to the Montessori Children's House. Plaintiffs' claim that separate development of the lands owned by the Mize defendants and the Montessori Partnership together caused the flooding could not be fully adjudicated without the addition of the Montessori Partnership. G.S. 1A-1, Rule 19(a).

APPEAL by plaintiffs from *Farmer, Judge*. Orders entered 11 September 1984 and 15 September 1984 in Superior Court, DURHAM County. Heard in the Court of Appeals 6 June 1984.

On 8 June 1984, the plaintiffs brought this action seeking to restrain further development of the defendants' properties. In their complaint, plaintiffs alleged that they were the owners of certain property on Colony Woods Drive which was adjacent to or near the properties of the defendants. The complaint further alleged that during 1983 the defendants began the development of the adjacent properties and that because of this development plaintiffs' property had been flooded on numerous occasions. Based upon this complaint the trial court issued an *ex parte* temporary restraining order against the defendants.

A hearing was conducted on the plaintiffs' attempt to obtain a preliminary injunction. In support of their motion for a temporary injunction the plaintiffs presented their affidavit which stated that they bought their property in 1978 and had not had any problems with flooding until June of 1983. They further stated that in the Spring of 1983 the defendants began to develop their respective properties and that since that time plaintiffs' property had been flooded on nine occasions between June 1983 and 29 May 1984. The plaintiffs also presented an affidavit from an engineer in which he stated that the development of the defendants' property had severely diminished the water retaining potential of properties and that flooding had occurred because the drainage system under Colony Woods Drive was inadequate to accommodate the increased volume of water.

In opposition to the motion for a preliminary injunction the Mize defendants offered an affidavit from Carlton Mize in which he stated that in the development of his property he had made every effort to minimize any increase in water flow because of the development. He stated that he did this by following the natural contour of the land and constructing, at the suggestion of his project engineer, a 5-foot high rock dam in the wet weather ditch into which most of his property drained. The Mizes also offered an affidavit from the plaintiffs' neighbors who stated that during the ten years in which they had owned their house, which was next door to the plaintiffs, they had experienced flooding on three or four occasions prior to 1984, and that during the most severe flooding it was discovered that the drainage pipe which ran between their property and the plaintiffs' property to carry the water to Colony Woods Drive had become obstructed by roots. The affidavit further stated that as soon as the obstruction was removed the excess water drained rapidly away. Also offered in opposition to the motion for a preliminary injunction was an affidavit of an engineer employed by the Mize defendants. In his affidavit the engineer stated that although the Mize development had slightly accelerated the rate of surface water runoff this should be offset by the rock dam which was constructed in the wet weather ditch on the Mize property. The engineer further stated that in his opinion any flooding on the plaintiffs' property was due to an inadequate drainage facility on plaintiffs' property and under Colony Woods Drive.

In opposition to the preliminary injunction the defendant Montessori Children's House of Chapel Hill, Inc. filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure based upon a showing that it was neither the owner nor developer of any of the property in question but merely occupied part of the property through a leasehold interest. In support of its motion the Children's House filed an affidavit by its administrator which stated that the defendant did not take possession of the property until June 1984 and that it was merely a tenant rather than an owner or developer of the property.

Following the hearing the temporary restraining order was dissolved and the court refused to issue a preliminary injunction.

The Mize defendants then answered denying that they had caused any flooding, and alleging that they had made reasonable

use of their land and that any flooding was due to improper drainage on the plaintiffs' own property and downstream therefrom. They also filed a motion to add the Montessori Partnership as a defendant in this action alleging that they rather than the Montessori Children's House were the owners of the other tract of land in question. The plaintiffs also filed a motion to add the Montessori Partnership as a defendant.

On 17 August 1984, the Mize defendants moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. On 11 September 1984 the motion was granted. On 18 September 1984, an order was filed in which the motion to dismiss of Montessori Children's House of Chapel Hill, Inc. was granted and the plaintiffs' motion to add the Montessori Partnership as a defendant was denied. From these orders, plaintiffs appealed.

*Levine, Stewart & Tolton, by Michael D. Levine, for plaintiff appellants.*

*Stubbs, Cole, Breedlove, Prentis & Poe, by James A. Cole, Jr., and Terry D. Fisher, for defendant appellees Carlton H. Mize and Pearl B. Mize.*

*Randall, Yaeger, Woodson, Jervis & Stout, by Robert B. Jervis, for defendant appellee Montessori Children's House of Chapel Hill, Inc.*

ARNOLD, Judge.

[1]    The first issue presented for review is whether the trial court erred in granting the defendants, Carlton H. Mize and Pearl B. Mize, summary judgment. Summary judgment is only appropriate where a movant has shown that there is no genuine issue as to a material fact and that they are entitled to a judgment as a matter of law. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980).

The plaintiffs' cause of action is a private nuisance action in which they seek to hold the adjacent landowners liable for flooding damages because of their alteration in the flow of surface water. In order to prevail against the Mize defendants, the plaintiffs must show a causal link between the development on the Mize property and the flooding of plaintiffs' land. Once they establish the causal link their right to recover is governed by the

reasonable use doctrine set forth in *Pendergrast v. Aiken*, 293 N.C. 201, 236 S.E. 2d 787 (1977).

There is a conflict in the forecasts of evidence offered by the parties. The plaintiffs offered affidavits from which a jury could find that the flooding was caused in part by the Mize development and in part by the downstream drainage system. In opposition to this showing the Mizes offered affidavits which tended to show that the flooding was caused entirely by an inadequate drainage system downstream from the plaintiffs' property. The question of causation is a question of fact; therefore, the trial court erred in granting summary judgment in favor of the Mize defendants.

[2] The next issue is whether the trial court erred in allowing the motion to dismiss by the defendant Montessori Children's House of Chapel Hill, Inc. pursuant to Rule 12(b)(6). It is apparent from the record that in ruling upon the motion to dismiss the court relied upon matters outside the record; therefore, we will treat the court's actions as if it ruled upon a motion for summary judgment made pursuant to Rule 56 of the Rules of Civil Procedure. *See* Rule 12(b) of the Rules of Civil Procedure.

In support of their motion to dismiss the Children's House presented an affidavit from its administrator that it was not and had never been owners of the property in question, and that it furthermore had not come into possession of the property until after the last flooding complained of in the complaint. Following the filing of this affidavit the plaintiffs failed to come forward with evidence, by affidavit or otherwise, which would have tended to show an issue of triable fact existed between the parties. By failing to do so the plaintiffs' claim against the Children's House was subject to summary judgment. Rule 56 of the Rules of Civil Procedure. The summary judgment in favor of the Montessori Children's House of Chapel Hill, Inc. is affirmed.

[3] Finally, plaintiffs contend the court erred by denying their motion to join as a necessary party Montessori Partnership, the record owner of the property leased to the Children's House.

G.S. 1A-1, Rule 19(a) requires that a person must be joined as a party to an action if that person is "united in interest" with another party to the action. A person is "united

in interest" with another party when that person's presence is necessary in order for the court to determine the claim before it without prejudicing the rights of a party before it or the rights of others not before the court.

*Ludwig v. Hart*, 40 N.C. App. 188, 190, 252 S.E. 2d 270, 272 (1979). In the case at bar the plaintiffs are alleging that the separate development of the lands owned by the Mize defendants and the land owned by the Montessori Partnership together caused the flooding on their property. This claim cannot be fully adjudicated without the addition of Montessori Partnership; thus, it is a necessary party. The court's order denying plaintiffs' motion to join it was in error and must be reversed.

Affirmed in part, reversed in part and remanded.

Judges MARTIN and PARKER concur.