■ DAVID J. MYKOFF et al., Appellants, v STANLEY I. RUBENFELD et al., Respondents, et al., Defendants.—In an action pursuant to RPAPL article 15 to determine claims to an easement, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Becker, J.), entered April 6, 1988, which upon the motions of the defendants Stanley and Caryl Rubenfeld pursuant to CPLR 3211 (a) (10), directed the plaintiffs, *inter alia,* to join as party defendants all persons owning property abutting the disputed easement.

Ordered that the order is affirmed, with costs.

The plaintiffs claim that their interest in the disputed easement/bridle path is in no way inconsistent with the rights of adjacent property owners who also have an interest in the easement. The record reveals, however, that the easement is obstructed. It has been rendered impassable by fences, trees and bushes and, in the past 18 years has not been used as a bridle path. Thus, the co-owners of the easement may object to its reestablishment as an easement and, accordingly, should be joined as parties. Moreover, since the easement was ostensibly intended to be a contiguous bridle path for the benefit of all abutting landowners shown on the Vincent Astor map, the plaintiffs' claim that they are asserting legal rights vis-à-vis the defendants only is unavailing *(see generally, Smith & Sons Carpet Co. v Ball,* 143 App Div 83).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.