CHAMP RICE AND WIFE, SOPHIA RICE, PLAINTIFF-APPELLANTS v. DOUGLAS GOR-
DON RANDOLPH AND WIFE, JANICE DIANE RANDOLPH, DE-
FENDANT-APPELLEES

No. 8824SC1172

(Filed 17 October 1989)

**Easements § 11 (NCI3d); Dedication § 2.1 (NCI3d) — subdivision ease-
ment — dedication by plat — extinguishment of easement —
necessary parties**

A dispute as to the extinguishment of a subdivision ease-
ment by abandonment or adverse possession cannot be re-
solved without the joinder of the grantor, or his heirs, who
retain fee title to the soil, and the record owners of lots in
the subdivision, who have user rights in the easement; further-
more, proof of abandonment by one lot owner, or proof of
possession adverse to one lot owner for the prescribed statutory
period, does not extinguish an easement dedicated per plat
and expressly granted to owners of lots in a subdivision.

**Am Jur 2d, Easements and Licenses §§ 15, 103-105, 110,
116.**

APPEAL by plaintiffs from Judgment of *Judge C. Walter Allen*
entered 18 February 1988 in MADISON County Superior Court.
Heard in the Court of Appeals 20 April 1989.

*Ball, Kelley & Arrowood, P.A., by Ervin L. Ball, Jr., for plain-
tiff appellants.*

*Huff and Huff, by Stephen E. Huff, for defendant appellees.*

COZORT, Judge.

Plaintiffs brought suit to enjoin defendants from interfering
with plaintiffs' user rights in an easement or right of way created
by deeds referencing a recorded plat of a subdivision in which
the parties' land is located. Defendants raised abandonment of the
easement as a defense and also counterclaimed for a declaration
of their rights to the land described in their deed, which purported
to convey fee ownership to a tract of land consisting of a portion
of lot 1 in the subdivision as well as a portion of the easement.
Defendants claimed ownership of that portion of the easement by

**RICE v. RANDOLPH**

[96 N.C. App. 112 (1989)]

virtue of seven years' adverse possession under color of title and, alternatively, by twenty years' adverse possession.

A jury answered the questions of abandonment and adverse possession in favor of defendants, and the trial court entered judgment decreeing defendants owners of the property described in their deed free and clear of any claims of plaintiffs to the right of way shown on the subdivision plat and further enjoining plaintiffs from interfering with or going upon defendants' property.

On appeal, plaintiffs present several assignments of error regarding the sufficiency of the evidence to sustain defendants' theories of abandonment and adverse possession, and the applicability of N.C. Gen. Stat. § 1-38 to a claim which seeks to extinguish a valid outstanding easement. We need not address these contentions, however, as we believe that the verdict and judgment must be vacated because necessary parties were absent from the action.

Rule 19 of the North Carolina Rules of Civil Procedure requires that "those who are united in interest must be joined as plaintiffs or defendants." N.C. Gen. Stat. § 1A-1, Rule 19(a) (1988). A person is united in interest with a party when that person's presence is necessary for the court to determine the claim before it without prejudicing the rights of a party or the rights of another who is not before the court. *Ludwig v. Hart*, 40 N.C. App. 188, 252 S.E.2d 270, *cert. denied*, 297 N.C. 454, 256 S.E.2d 807 (1979). Necessary parties are those who have or claim material interests in the subject matter of a controversy, and those interests will be directly affected by an adjudication of the controversy. *Wall v. Sneed*, 13 N.C. App. 719, 187 S.E.2d 454 (1972). When there is an absence of necessary parties, the trial court should correct the defect *ex mero motu* upon failure of a competent person to make a proper motion. *White v. Pate*, 308 N.C. 759, 764, 304 S.E.2d 199, 203 (1983). A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void. *Ludwig*, 40 N.C. App. at 190, 252 S.E.2d at 272.

The parties in the instant action seek to resolve the question of whether an easement has been extinguished. The record discloses that the easement was created when lots were sold and conveyed by reference to a plat which showed a division of a tract of land into lots with an easement or roadway bordering on the north. The record further discloses that plaintiffs own lots 6 through 20, that defendants own a portion of lot 1, and that the re-

mainder of the lots (lots 2 through 5 and the remainder of lot 1) are owned by a third party or parties.

We believe that a dispute as to the extinguishment of a subdivision easement by abandonment or adverse possession cannot be resolved without the joinder of the grantor, or his heirs, who retain fee title to the soil (*see Johnson v. Skyline Tel. Membership Corp.*, 89 N.C. App. 132, 365 S.E.2d 164 (1988)), and the record owners of lots in the subdivision, who have user rights in the easement, *see Cleveland Realty Co. v. Hobbs*, 261 N.C. 414, 135 S.E.2d 30 (1964). Those owners of interests in the easement have a material interest in the subject matter of the controversy, and their interest will be directly affected by the court's decision. *See Mykoff v. Rubenfeld*, 149 A.D.2d 574, 540 N.Y.S.2d 266 (1989). *Cf. Van Ettinger v. Pappin*, 180 Mont. 1, 588 P.2d 988 (1978) (owners of allegedly servient estate are indispensable parties to action where existence of easement is in dispute); *Barren v. Dubas*, 295 Pa. Super. 443, 441 A.2d 1315 (1982) (same). Furthermore, proof of abandonment by one lot owner, or proof of possession adverse to one lot owner for the prescribed statutory period, does not extinguish an easement dedicated per plat and expressly granted to owners of lots in a subdivision. *See O'Hara v. Wallace*, 83 Misc. 2d 383, 371 N.Y.S.2d 570 (1975), *modified*, 52 A.D.2d 622, 382 N.Y.S.2d 350 (1976).

We therefore vacate the verdict and judgment below and remand so that a new trial may be had upon joinder of all necessary parties.

Vacated and remanded.

Judges PHILLIPS and PARKER concur.