An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-301

Filed: 6 October 2015

Chatham County, Nos. 12 JA 41, 42

IN THE MATTER OF: M.L.N., E.J.N.

Appeal by Respondents from order entered 13 January 2015 by Judge Beverly Scarlett in Chatham County District Court. Heard in the Court of Appeals 14 September 2015.

> *Holcomb & Cabe, LLP, by Samantha H. Cabe, for Petitioner-Appellee Chatham County Department of Social Services.*

> *Woodmansee & Szombatfalvy, PLLC, by Barbara M. Szombatfalvy, for the Intervenor-Appellees.*

> *Battle, Winslow, Scott, & Wiley, P.A., by M. Greg Crumpler, for the Guardian ad Litem.*

> *Mercedes O. Chut, for the Respondent-Appellant Mother.*

> *Sydney Batch, for the Respondent-Appellant Father.*

DILLON, Judge.

Respondent-Father appeals from a permanency planning order ceasing reunification efforts with him and granting guardianship of his minor children, Luke and Elliot (collectively, "the children"), to their current foster parents, the Intervenor-Appellees. Respondent-Mother appeals from the trial court's determination that she

had no standing in the proceeding. We vacate the permanency planning order and remand the matter for further proceedings consistent with this opinion.

## I. Background

On 5 September 2012, the Chatham County Department of Social Services ("DSS") filed juvenile petitions alleging that the children were neglected and dependent. The petitions alleged, *inter alia*, that the children were residing with Respondents when they witnessed a physical confrontation between Respondents and other individuals. During the altercation, Respondent-Mother hit a man on the head with a baseball bat. DSS obtained non-secure custody of the children, and on 26 September 2012, the trial court ordered them to be placed in an unlicensed foster home. On 16 November 2012, the trial court adjudicated the children neglected and dependent.

DSS retained custody of the boys after the adjudication and during additional hearings. After a permanency planning hearing, the trial court entered an order on 8 August 2013 directing DSS to cease reunification efforts with Respondents, denying visitation to Respondent-Father, and awarding guardianship of the children to the foster parents. Respondents appealed to this Court, which issued an opinion affirming the cessation of reunification efforts with Respondent-Mother, reversing the cessation of reunification efforts and denial of visitation as to Respondent-Father, and reversing the award of guardianship to the foster parents. *In re T.W.C.*, ___ N.C.

App. ___, 758 S.E.2d 706, 2014 N.C. App. LEXIS 329, 2014 WL 1384398 (2014) (unpublished opinion).

On 29 September 2014, the trial court entered an order allowing the foster parents' motion to intervene in the case since they were the children's caretakers. The court subsequently conducted a permanency planning hearing over the course of two days. Prior to the hearing, the court ruled that Respondent-Mother "does not have standing as the Court of Appeals upheld ceasing reunification as to [R]espondent[-][M]other," and did not allow Respondent-Mother's counsel to participate in the hearing on her behalf.

On 13 January 2015, the trial court entered an order ceasing reunification efforts as to Respondent-Father, awarding permanent guardianship to the foster parents, and denying Respondent-Father visitation. Respondent-Father appeals from that order. Respondent-Mother appeals from the trial court's determination on standing.

## II. Analysis

### A. Respondent-Mother

Respondent-Mother argues that the trial court erred in ruling that she did not have standing to participate in the permanency planning hearing after reunification efforts with her had been ceased. We agree.

The Juvenile Code requires that at every permanency planning hearing,

> the court *shall consider information from the parents*, the juvenile, the guardian, any person providing care for the juvenile, the custodian or agency with custody, the guardian ad litem, and any other person or agency that will aid in the court's review.

N.C. Gen. Stat. § 7B-906.1(c) (2013) (emphasis added). Prior to the permanency planning hearing in the present case, the trial court raised the issue of Respondent-Mother's role in the hearing after this Court had affirmed the trial court's prior order ceasing reunification efforts with her. The following colloquy ensued:

> [DSS]: Judge, I think the pivotal question is whether or not [Respondent-Mother's attorney] can ask questions of the witnesses. If [Respondent-Mother] is a party, she can. If she's not a party and doesn't have standing she can't, so I think that's the bottom –
>
> [GAL ATTORNEY ADVOCATE]: And Your Honor, just so I won't keep interrupting the flow of the afternoon, on behalf of the guardian ad litem we object to the mother participating as a party. I fully understand that anybody can call her as their witness, but so that I won't keep objecting during the whole rest of the hearing, our position is that the Court of Appeals' interruption is taking us away from the fact that, you know, she is no longer considered a possibility as a permanent staple [*sic*] placement for the child and that she is not a party, so I would ask for a continuing standing objection to her participation in that way, and I will be quiet, but I would like that noted.
>
> THE COURT: So noted.
>
> [DSS]: And Judge, DSS joins the guardian in that argument.
>
> THE COURT: Duly noted. Yes, ma'am.

> [RESPONDENT-MOTHER'S ATTORNEY]: I think based on that, I would like to ask if you would make a ruling one way or the other whether she has standing or not, because I would have to figure out whether to appeal that ruling.
>
> THE COURT: Okay, right, right, right. Okay –
>
> [RESPONDENT-MOTHER'S ATTORNEY]: Sorry.
>
> THE COURT: That's what good lawyers do. She does not have standing as the Court of Appeals upheld ceasing reunification as to [R]espondent[-][M]other, and so I understand that you're putting us all on a notice that you're appealing that ruling; is that correct, ma'am?
>
> [RESPONDENT-MOTHER'S ATTORNEY]: Yes, Your Honor.

After the trial court's ruling, Respondent-Mother's attorney did not participate in the ensuing permanency planning hearing. In the order entered after the court's determination that Respondent-Mother no longer had standing, the court made the following finding:

> 4. Respondent[-][M]other by and through her attorney argued that she had standing to present evidence and to be heard on the issue of Permanency Planning. Based upon the Court of Appeals opinion on April 1, 2014 this Court finds that Respondent[-]Mother does not have standing to be heard on the issue of Permanency Planning.

Thus, based on its statements and this finding, it is clear that the trial court determined that the requirements of N.C. Gen. Stat. § 7B-906.1 did not apply to Respondent-Mother because reunification efforts with her had ceased and the trial court concluded, therefore, that she no longer had standing and was not a party to

the case. This conclusion was erroneous, as was the determination upon which it was based.

Pursuant to N.C. Gen. Stat. § 7B-401.1(b),

> [t]he juvenile's parent shall be a party unless one of the following applies:
>
> (1) The parent's rights have been terminated.
>
> (2) The parent has relinquished the juvenile for adoption, unless the court orders that the parent be made a party.
>
> (3) The parent has been convicted under G.S. 14-27.2 or G.S. 14-27.3 for an offense that resulted in the conception of the juvenile.

N.C. Gen. Stat. § 7B-401.1(b) (2013). None of these exceptions applied to Respondent-Mother in the present case. Therefore, the trial court erred in concluding that Respondent-Mother was not a party to the action. Furthermore, in conducting a permanency planning hearing while excluding a necessary party under N.C. Gen. Stat. § 7B-401.1(b), the court erred. "A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void." *Rice v. Randolph*, 96 N.C. App. 112, 113, 384 S.E.2d 295, 297 (1989). *See also* N.C. Gen. Stat. § 1A-1, Rule 19 (2013).[1] Accordingly, the trial court's refusal to allow

---

[1] "[T]he Rules of Civil Procedure apply only when they do not conflict with the Juvenile Code and only to the extent that the Rules advance the purposes of the legislature as expressed in the Juvenile Code." *In re L.O.K.*, 174 N.C. App. 426, 431, 621 S.E.2d 236, 240 (2005).

Respondent-Mother to participate in the permanency planning hearing as a party as required by N.C. Gen. Stat. § 401.1(b) rendered the court's subsequent order a nullity, and we must vacate that order and remand for a new permanency planning hearing in which Respondent-Mother and her counsel are permitted to participate.[2]

### B. Respondent-Father

Since we have determined that the trial court's permanency planning order is void, we need not address Respondent-Father's arguments regarding it. However, Respondent-Father also argues that the trial court erred by allowing the foster parents to intervene in this case prior to the permanency planning hearing. This argument is not properly before us.

Pursuant to N.C. Gen. Stat. § 7B-401.1(h), "the court shall not allow intervention by a person who is not the juvenile's parent, guardian, custodian, or caretaker[.]" N.C. Gen. Stat. § 7B-401.1(h) (2013). In the present case, the trial court concluded that the foster parents qualified as the children's caretakers and allowed their motion to intervene on that basis. The Juvenile Code defines a "caretaker" in relevant part as

> [a]ny person other than a parent, guardian, or custodian who has responsibility for the health and welfare of a juvenile in a residential setting. A person responsible for a

---

[2]If circumstances have changed since the prior permanency planning hearings, the trial court has the ability to order DSS to resume reunification efforts with the respondent-mother. *See, e.g., L.O.K.*, 174 N.C. App. at 428-29, 621 S.E.2d at 238 (noting that the trial court entered an order requiring DSS to resume reunification efforts after "the threat of danger from [the respondent's] inability to protect the children no longer existed").

juvenile's health and welfare means a stepparent, foster parent, an adult member of the juvenile's household, an adult relative entrusted with the juvenile's care, any person such as a house parent or cottage parent who has primary responsibility for supervising a juvenile's health and welfare in a residential child care facility or residential educational facility, or any employee or volunteer of a division, institution, or school operated by the Department of Health and Human Services.

N.C. Gen. § 7B-101(3) (2013). Respondent-Father contends that the trial court erred in its conclusion that the foster parents were caretakers because they did not fit this definition at the time of the filing of the juvenile petitions. However, Respondent-Father has waived this argument. Specifically, counsel for Respondent-Father made the following argument in opposition to the foster parents' motion to intervene:

I would suggest, however, I am not in support of this motion *not because it's not within your discretion. It certainly is within your discretion*, but I do not believe it is necessary.

. . .

I don't think that the intervention is necessary to achieve the Court's goals. I think that they are – the caregivers are wonderful people who are giving wonderful care to these children and will be willing to share any information the Court may need regarding the children, whether as interveners or caregivers. I ask Your Honor to refuse the motion. Thank you.

(Emphasis added). Thus, Respondent-Father's attorney specifically conceded that the foster parents were permitted to intervene under N.C. Gen. Stat. § 7B-401.1(h), but argued that the trial court should deny their motion in its discretion. "A party

may not complain of action which he induced." *Frugard v. Pritchard,* 338 N.C. 508, 512, 450 S.E.2d 744, 746 (1994). Accordingly, this argument is dismissed.

### III. Conclusion

Since the trial court acted contrary to N.C. Gen. Stat. § 7B-401.1 in excluding a necessary party under that statute from participating in the permanency planning hearing, the order which resulted from that hearing is null and void. We vacate the order and remand for a new permanency planning hearing. Respondent-Father has waived his argument that the foster parents do not qualify as caretakers.

VACATED AND REMANDED IN PART; DISMISSED IN PART.

Judges HUNTER, JR. and DIETZ concur.

Report per Rule 30(e).