IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA17-1117

Filed: 3 April 2018

Iredell County, No. 16 CVS 259

REGENCY LAKE OWNERS' ASSOCIATION, INC., and CHARLES HUFFMAN, Plaintiffs,

v.

REGENCY LAKE, LLC, COURTLAND PROPERTIES, INC., and JOSEPH MACMINN, Defendants.

Appeal by plaintiffs from order entered 31 March 2017 by Judge Jeffrey K. Carpenter in Iredell County Superior Court. Heard in the Court of Appeals 6 March 2018.

*Jones, Childers, Donaldson & Webb, PLLC, by Kevin C. Donaldson and C. Marshall Horsman, for plaintiff-appellees.*

*Eisele Ashburn Greene & Chapman, PA, by Kathleen L. Vogel and Douglas G. Eisele, for defendant-appellants.*

TYSON, Judge.

## I. Background

In July 1969 and October 1970, Rolling Homes, Inc. ("Rolling Homes") acquired two adjacent tracts of land situated in Davidson Township, Iredell County. The deeds are recorded in book 485, page 64, and book 494, page 192, respectively, in the Iredell County Registry. Rolling Homes developed the Regency Lake Village subdivision by dividing the two combined tracts into streets, lots, a playground and a lake access

area (the "Access Area"). The subdivision plat for Regency Lake Village (the "Plat") was recorded in the Iredell County Registry at plat book 10, pages 59 and 59A.

The Regency Lake Village Access Area includes a boat ramp for owners to access Lake Norman. The Access Area is bounded on the east by a lot, on the south by Lake Norman, on the west by a dam impounding a private lake, and on the north by a road.

The first deed conveying a lot in Regency Lake Village was granted to Cecil B. Tucker and wife, Francis W. Tucker, in October 1970, after the Plat was recorded. The deed conveyed to the Tuckers makes reference to the Plat. After October 1970 and until early 1973, Rolling Homes conveyed several other lots in Regency Lake Village to numerous individuals. All of these deeds reference the Plat.

Auto Storage Company acquired all of the remaining property in Regency Lake Village, which had not been previously conveyed by Rolling Homes, by a substitute trustee's deed in 1973. The deed to Auto Storage Company is recorded in book 536, page 499, of the Iredell County Registry. This deed also references the Plat.

Defendants Regency Lake, LLC, Courtland Properties, Inc., and Joseph P. MacMinn (collectively, "Appellees") obtained title to the Access Area from Auto Storage Company by a quitclaim deed recorded in April 2001 in book 1258, page 1701 of the Iredell County Registry.

In October 2015, Defendants recorded a plat, at plat book 64, page 19 of the Iredell County Registry, subdividing the Access Area into two separate lots with the intention that they would develop one lot, designated as Lot 1, for residential purposes, and reduce the size of the originally platted Access Area, designated as Lot 1A.

Plaintiff Charles Huffman ("Huffman") is an owner of property located within Regency Lake Village and a member of Plaintiff Regency Lake Owners' Association (collectively, "Appellants"). On 2 February 2016, Appellants filed a verified complaint against Defendants seeking: (1) a declaratory judgment declaring Appellants and other purchasers and owners of lots described in the October 1970 plat have a private easement to the Access Area; (2) a motion for preliminary injunction to enjoin Defendants from altering the Access Area or preventing Appellants from entering and using the Access Area; and, (3) in the alternative, a declaration that there exists an easement to the Access Area for purchasers and owners of lots in Regency Lake Village.

Defendants filed their answer to Appellants' complaint on 15 April 2016. The trial court entered a preliminary injunction on 31 May 2016, which ordered that Defendants "shall not perform any acts on the Access Area which would alter its current condition and shall not prevent the Plaintiffs from entering and using the Access Area pending further orders of this Court."

The matter was heard on 20 March 2017. The parties waived the right to a jury trial and chose to proceed with a bench trial. Following the presentation of evidence and testimony of witnesses, but before a verdict was rendered, the trial court *ex mero motu* entered an order on 31 March 2017, which concluded that all necessary parties were not joined in the action, that all necessary parties should be joined, and that the matter should be re-heard after all of the necessary parties are joined. The trial court ordered that all "the remaining owners of property in Regency Lake Village Subdivision shall be joined as parties to this action." The trial court did not certify its order for immediate appeal under Rule 54(b) of the North Carolina Rules of Civil Procedure.

Plaintiffs filed notice of appeal of the trial court's order.

## II. Analysis

### A. Substantial Right

Appellants concede this appeal is interlocutory. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (citations omitted), *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950).

"If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 77, 711 S.E.2d 185, 189 (2011) (citation omitted). "[I]mmediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (citations and internal quotation marks omitted).

The trial court's order is interlocutory, because it does not dispose of all of the issues in the case. The trial court ordered that all lot owners in Regency Lake Village be joined as necessary parties to the action and the evidence be re-heard following joinder of the necessary parties.

To determine whether an interlocutory order is immediately appealable when an appellant claims to have been deprived of a substantial right: (1) "the right itself must be substantial [,]" and (2) "the deprivation of that . . . right must potentially work injury . . . if not corrected before appeal from final judgment." *Frost v. Mazda Motors of Am., Inc.,* 353 N.C. 188, 192, 540 S.E.2d 324, 327 (2000) (citation and internal quotation marks omitted).

In order to determine whether jurisdiction over this appeal exists, "we must discern the precise nature of the right the appellant claims as substantial." *Neusoft Med. Sys., USA Inc. v. Neuisys, LLC,* 242 N.C. App. 102, 107, 774 S.E.2d 851, 855

(2015). The burden rests upon the appellant to demonstrate that the order "deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citations omitted).

Appellants argue the order's requirement to join other lot owners in Regency Lake Village deprives them of a substantial right "by completely eliminating [Huffman's] individual property rights and replacing these rights with a group property right which only exists when exercised in concert with other property owners." In ordering that the other lot owners in the subdivision be joined as necessary parties, the trial court relied on N.C. Gen. Stat. § 1-260 and § 1A-1, Rule 19 of the North Carolina Rules of Civil Procedure.

N.C. Gen. Stat. § 1-260 requires, in relevant part: "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." N.C. Gen. Stat. § 1-260 (2017). The Supreme Court of North Carolina has also provided guidance that the last clause of the quoted sentence of N.C. Gen. Stat. § 1-260 "should not be relied on by the courts as authority to proceed to judgment without the presence of all necessary parties, when in the course of a trial the absence of such parties becomes apparent." *Morganton v. Hutton & Bourbonnais Co.*, 247 N.C. 666, 669, 101 S.E.2d 679, 682 (1958).

A necessary party is any person with "material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy." *N.C. Monroe Constr. Co. v. Guilford County Bd. of Educ.*, 278 N.C. 633, 639, 180 S.E.2d 818, 821 (1971). If there is an absence of necessary parties, the trial court should correct the defect *ex mero motu* upon failure of a party to make a proper motion. *White v. Pate*, 308 N.C. 759, 764, 304 S.E.2d 199, 202-03 (1983).

Before assessing whether the trial court's order deprives Appellants of a substantial right, we must first determine if the other lot owners in Regency Lake Village are necessary parties. To determine whether the other Regency Lake Village lot owners are necessary parties, this Court's opinion in *Rice v. Randolph*, 96 N.C. App. 112, 384 S.E.2d 295 (1989), is dispositive.

In *Rice*,

> [p]laintiffs brought suit to enjoin defendants from interfering with plaintiffs' user rights in an easement . . . created by deeds referencing a recorded plat of a subdivision in which the parties' land is located. Defendants raised abandonment of the easement as a defense and also counterclaimed for a declaration of their rights to the land described in their deed, which purported to convey fee ownership to a tract of land consisting of a portion of lot 1 in the subdivision as well as a portion of the easement. Defendants claimed ownership of that portion of the easement by virtue of seven years' adverse possession under color of title and, alternatively, by twenty years' adverse possession.
>
> A jury answered the questions of abandonment and adverse possession in favor of defendants, and the trial

> court entered judgment decreeing defendants owners of the property described in their deed free and clear of any claims of plaintiffs to the right of way shown on the subdivision plat and further enjoining plaintiffs from interfering with or going upon defendants' property.

*Id.* at 112-13, 384 S.E.2d at 296.

The plaintiffs appealed, but this Court determined it need not consider plaintiffs' arguments because "the verdict and judgment must be vacated because necessary parties were absent from the action." *Id.* at 113, 384 S.E.2d at 296. This Court vacated and remanded the action for the joinder of necessary parties because

> a dispute as to the extinguishment of a subdivision easement by abandonment or adverse possession cannot be resolved without the joinder of . . . the record owners of lots in the subdivision, who have user rights in the easement. Those owners of interests in the easement have a material interest in the subject matter of the controversy, and their interest will be directly affected by the court's decision.

*Id.* at 114, 384 S.E.2d at 297. Here, we have similar facts to those in *Rice.* As in *Rice*, Appellants are seeking a judicial determination that they have rights in the easement to the Access Area created by deeds referencing the recorded plat of a subdivision. *See id.* The other owners and purchasers of lots in Regency Lake Village have user rights in the Access Area and, have material interests in the subject matter of Appellants' action. *See id.* The other lot owners in Regency Lake Village are necessary parties, whose "interest[s] . . . would be affected by the declaration" sought by Appellants, and are required to be joined under N.C. Gen. Stat. § 1-260.

Despite the express language of N.C. Gen. Stat. § 1-260, and the trial court's reliance upon it in its order, Appellants fail to demonstrate why N.C. Gen. Stat. § 1-260 is inapplicable. Appellants seek a declaration that they and other purchasers and owners of lots in Regency Lake Village have a private easement to the Access Area. Appellants do not dispute that other lot owners in Regency Lake Village may have interests in the Access Area easement, and explicitly state in their complaint that they seek declaratory relief "that the Access is dedicated to the private use of owners and purchasers of lots in the Subdivision."

Appellants fail to argue how they have a substantial right to an individual's ability to seek declaratory relief, without joinder, when other necessary parties have claims and interests in the Access Area which could be affected by the trial court's declaration. *See* N.C. Gen. Stat. § 1-260. The plain statutory language of N.C. Gen. Stat. § 1-260 indicates Appellants individually have no such substantial right. The trial court's order does not deprive Appellants of their asserted substantial right.

### *B. Trial Court Did Not Order a New Trial*

Appellants assert an alternative argument that appeal lies of right in this court pursuant to N.C. Gen. Stat. § 7A-27(b)(3)(d) because the trial court's order grants a new trial. We disagree.

N.C. Gen. Stat. § 7A-27(b)(3) states, in relevant part:

> (b) Except as provided in subsection (a) of this section, appeal lies of right directly to the Court of Appeals in any

of the following cases:

. . . .

(3) From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding that does any of the following:

. . . .

d. Grants or refuses a new trial.

N.C. Gen. Stat. § 7A-27(b)(3) (2017).

The plain language of the trial court's order does not specify a "new trial," but instead indicates "[t]his matter should be reheard after all of the necessary parties have been joined[,]" and "[t]his matter will be scheduled to be reheard and peremptorily set for hearing at the May 29, 2017 term of Civil Superior Court." The trial court's order does not specify a new trial.

The trial court's decree to rehear evidence is not an order for a new trial, because a judgment has not been rendered in the case. Rule 59 of the North Carolina Rules of Civil Procedure governs the authority of our courts to order new trials. Rule 59 contemplates that a new trial is a rehearing or reexamination that occurs post-judgment. *See Tetra Tech Tesoro, Inc. v. JAAAT Technical,* ___ N.C. App. ___, ___,794 S.E.2d 535, 536 (2016) ("This Court has held that Rule 59 of the Rules of Civil Procedure, which governs motions to alter or amend a judgment, only applies to post-trial motions, and that holding is confirmed by the plain text of Rule 59."); *Bodie*

*Island Beach Club Ass'n, Inc. v. Wray*, 215 N.C. App. 283, 294, 716 S.E.2d 67, 77 (2011) ("[B]oth Rule 59(a)(8) and (9) are post-trial motions[.]"); *see also* Trial, New Trial, Black's Law Dictionary (8th ed. 2004) (defining "new trial" as "[a] postjudgment retrial or reexamination of some or all of the issues determined in an earlier judgment.").

Here, the trial court has not rendered a verdict nor entered a judgment. The trial court's order to rehear evidence is not tantamount to an order for a new trial. Because the trial court did not order a new trial, Appellants are not entitled to an interlocutory appeal of the trial court's order under N.C. Gen. Stat. § 7A-27(b)(3)(d).

## III. Conclusion

The order is not certified as immediately appealable. No showing is made that the trial court's interlocutory order affects a substantial right of Appellants. The order does not decree a new trial entitling Appellants to appeal under N.C. Gen. Stat. § 7A-27(b)(3)(d). Plaintiffs' appeal is dismissed as interlocutory. *It is so ordered.*

DISMISSED.

Judges BRYANT and DILLON concur.