BARBARA MANEY, Plaintiff v. ROBERT BRICE MANEY, Defendant

No. COA96-889

(Filed 3 June 1997)

**Parent and Child § 35 (NCI4th)— child support—equal custody—more overnights with father—amount based on equal overnights**

The trial court properly exercised its discretion in ordering the father to pay $66.46 per month in child support pursuant to the child support guidelines based on a determination that the children spend 183 overnights per year with the father and 182 overnights per year with the mother, even though the children are with the father from 8:00 p.m. on Sunday until the second following Monday during the school year, where the parties agreed to share equally in both the custody and support of their children.

**Am Jur 2d, Parent and Child §§ 45, 72 et seq.**

Appeal by defendant from order entered 17 July 1996 by Judge Ralph C. Gingles, Jr., in Gaston County District Court. Heard in the Court of Appeals 1 April 1997.

Plaintiff Barbara Maney and defendant Robert B. Maney were married on 22 June 1975 and separated on 19 January 1991. On 23 June 1992, the trial court entered an order granting the parties joint legal custody of their two minor children with physical placement as follows:

[J]oint custody shall be on a week to week basis and shall commence with the plaintiff having the minor children from Monday, June 15th through Monday, June 22nd and on alternate weeks thereafter with the subsequent weeks to be the week of the defendant who shall have the children on alternate weeks. When the school year begins, the parties agree that the defendant's week shall begin when he picks up the children at 8:00 p.m. on Sunday evening from the plaintiff's residence and shall terminate on the second subsequent Monday when he shall deliver the minor children to school and he shall be responsible for delivering the children to school on time as shall the plaintiff when they are in her custody.

On 28 April 1996 defendant moved the trial court to establish child support. Based upon the 23 June 1992 order, the trial court, applying Worksheet B of the North Carolina Child Support Guidelines ("Guidelines"), concluded that "the children spend 183 overnights per year with the defendant and 182 overnights with the plaintiff," and ordered defendant to pay $66.46 per month in child support to plaintiff.

Defendant appeals.

*James R. Carpenter and Barrett O. Poppler for plaintiff-appellee.*

*Arthurs & Foltz, by Douglas P. Arthurs and Ann Brittian McClellan, for defendant-appellant.*

EAGLES, Judge.

The sole issue raised on appeal is whether the trial court properly calculated the number of overnights the children spend with each party per year. Defendant argues that because the children are at his residence from 8:00 p.m. on Sunday until the second following Monday morning, the children spend an annual total of 201 overnights with him and 164 with plaintiff. Plaintiff concedes the children spend Sunday nights during the school year with defendant. Plaintiff argues, however, that returning the children on Sunday nights is a matter of convenience to both parties and does not create a significant increase in economic cost to defendant.

"It is well established that the determination of child support must be done in such a way that reflects fairness and justice for all

concerned." *Plott v. Plott*, 65 N.C. App. 657, 662, 310 S.E.2d 51, 54 (1983), *rev'd in part on other grounds*, 313 N.C. 63, 326 S.E.2d 863 (1985). The trial court may consider the conduct of the parties, the equities of the given case, and any other relevant facts. *Warner v. Latimer*, 68 N.C. App. 170, 172-73, 314 S.E.2d 789, 791 (1984). The ultimate determination as to the amount of child support is within the discretion of the trial court and will not be disturbed on appeal in the absence of a clear abuse of discretion. *E.g., Beall v. Beall*, 290 N.C. 669, 673-74, 228 S.E.2d 407, 410 (1976). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

In the present case, the parties agreed to share custody of their children on a week to week alternating basis. The parties' agreement clearly states that the parties intended to share equally in both the custody and support of their children. In its order of 17 July 1996, the trial court found that

> the directives regarding the interpretation regarding the child support guidelines include directions that the Court use practical sense in applying the guidelines to each individual situation. The Court finds that the instructions for completing Child Support Worksheet B notes that "to be a true sharing of physical custody, costs for the child should be divided between the parents based on their respective percentage shares of income." Consequently, it appears that the sharing of costs is the primary focus for determining the sharing of custody and the mere fact that the child[ren] [are] physically in one parent's home for the purposes of sleeping as a[n] accommodation should not be conclusive for purposes of setting child support obligations.

We conclude the trial court properly exercised its discretion in recognizing the economic realities of the parties' custody arrangement and in considering the fairness and justice of this particular case. The trial court's finding was not "so arbitrary that it could not have been the result of a reasoned decision." *White*, 312 N.C. at 777, 324 S.E.2d at 833.

Affirmed.

Judges WALKER and MARTIN, Mark D., concur.