MOORE COUNTY, by and through its CHILD ENFORCEMENT AGENCY, MOORE COUNTY DSS on behalf of Nathan Evans v. EARL BROWN

No. COA00-531

(Filed 3 April 2001)

**Public Assistance— child support—action to recover—terminated parental rights**

The trial court did not err by denying DSS's motion for child support arrearages where the child was born to a mother married to a man other than defendant; the child was placed in foster care with the mother's consent; the mother consented to adoption and her husband signed a denial of paternity; defendant contacted DSS and stated that he believed he was the child's father; genetic testing showed a 99.5% probability that defendant was the father; his attempts to enter the child's life were resisted by DSS, which filed a petition to terminate his parental rights; DSS filed a complaint for paternity and support against defendant on the same day his parental rights were terminated; the court adjudicated defendant to be the father and entered an ongoing support order; defendant's motion to terminate support due to the termination of his parental rights was granted; and DSS's motion to establish arrearages for public assistance previously paid was denied. The trial court was vested with considerable discretion to consider both law and equity in determining whether to grant DSS's motion and was not required to grant the motion simply because it was made within the statute of limitations. Moreover, the absence of the elements of equitable estoppel is not grounds for reversing the order.

Appeal by plaintiff from order entered 4 January 2000 by Judge Lillian Jordan in Moore County District Court. Heard in the Court of Appeals 15 March 2001.

*Catherine B. Cowling, for plaintiff-appellant.*

*Rowland & Yauger, by Michael C. Rowland, Jr., for defendant-appellee.*

TYSON, Judge.

Plaintiff, Moore County, by and through its Child Enforcement Agency, Moore County Department of Social Services ("DSS"),

appeals an order denying the collection of public assistance arrearages from defendant, Earl Brown ("Brown"). We affirm the trial court's order.

Nathan Daniel Evans ("Nathan"), the minor child at issue, was born to Denise Ann Epps ("Epps") on 27 June 1985. Epps was married to Danny Steve Evans ("Evans") at the time of Nathan's birth. Nathan was placed in DSS custody in September 1988. On 5 April 1989, Nathan was placed in foster care with Epps' consent. Nathan has remained in foster care at all times pertinent to this matter. Epps consented to Nathan's adoption on 17 October 1989. Evans signed a Denial of Paternity of Nathan on 5 May 1992.

In June 1998, Brown contacted DSS and stated that he believed he was Nathan's biological father. On 22 September 1998, Brown submitted to genetic testing. Test results showed a 99.51% probability that Brown was Nathan's father. Brown's attempts to enter Nathan's life were resisted by DSS. DSS filed a petition to terminate Brown's parental rights. On 4 October 1999, the trial court terminated Brown's parental rights.

On the same day, DSS filed a Complaint for Paternity and Support against Brown. The matter was heard on 16 November 1999. Brown was adjudicated to be Nathan's father, and the trial court entered an order of ongoing support. Brown filed a Motion to Terminate Support on 8 December 1999. On 21 December 1999, the trial court granted the motion due to termination of Brown's parental rights.

Following the hearing on 21 December 1999, DSS made an oral motion to establish arrearages against Brown for public assistance that DSS previously paid for Nathan. The trial court denied the motion on 4 January 2000. In its order, the trial court incorporated prior findings of fact and conclusions of law from the 4 October 1999 order terminating Brown's parental rights. The trial court specifically incorporated into the order its previous finding of no evidence, "that DSS or Child Support diligently pursued [Brown] to recover the reasonable costs of the care of [Nathan]." The trial court found that DSS had presented no further evidence on the issue of support; and specifically, that DSS "presented no evidence of the amount of arrearage."

The trial court concluded that "there are equitable arguments that exist such that [DSS] should not be allowed to establish arrear-

ages in this case . . . ." The trial court specifically referenced its conclusion of law from the termination order that the court "does not look favorably upon [DSS] attempting to recover such costs, more than eleven years after the child was placed in foster care." DSS appeals.

DSS assigns error to the trial court's denial of its motion to establish arrearages. In support, DSS argues: (1) that DSS should be allowed to collect arrearages from Brown because DSS complied with the applicable statute of limitations; and (2) that Brown should be required to pay arrearages "due to the fact that no equitable estoppel argument applies in this case." We affirm the trial court's denial of the motion.

The summary of the hearing reveals that Brown objected to DSS' motion to establish arrearages on grounds that DSS' Complaint for Paternity and Support was filed on 4 October 1999, the same day that Brown's parental rights were terminated. Brown argued that DSS only became aware of Brown's claim to paternity after Brown voluntarily came forward, one and one-half years prior to termination of his parental rights. Brown opposed the termination of his parental rights. Evidence was also presented that establishes DSS had never pursued Epps, Nathan's mother, for reimbursement of public assistance for Nathan, despite DSS' custody of Nathan since 1988. DSS had also never pursued Brown prior to its December 1999 motion.

DSS argues that the trial court erred in denying the motion to establish arrearages where the applicable statute provides that such actions may be commenced up until "five years subsequent to the receipt of the last grant of public assistance." N.C. Gen. Stat. § 110-135. DSS argues that Nathan received public assistance in 1999, and thus, the motion was timely.

Brown does not dispute that DSS has legal authority to pursue arrearages under the statute of limitations set forth in G.S. § 110-135. Brown argues that the trial court was vested with discretion to consider the equity of granting DSS' motion to pursue Brown for arrearages, and that the trial court's denial of the motion due to equitable considerations should be afforded deference. We agree.

Trial court orders regarding the obligation to pay child support "are accorded substantial deference by appellate courts and our review is limited to a 'determination of whether there was a

clear abuse of discretion.' " *Biggs v. Greer*, 136 N.C. App. 294, 296, 524 S.E.2d 577, 581 (2000) (quoting *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)). " 'Where trial is by judge and not by jury, the trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary.' " *Security Credit Leasing, Inc. v. D.J.'s of Salisbury, Inc.*, 140 N.C. App. 521, 528, 537 S.E.2d 227, 232 (2000) (quoting *Flanders v. Gabriel*, 110 N.C. App. 438, 440, 429 S.E.2d 611, 612-13 (1993)).

The trial court was not required to grant DSS' motion simply because DSS moved to establish arrearages within the applicable statute of limitations. We also do not agree with DSS' assertion that an absence of the elements of equitable estoppel is grounds for reversing the trial court's order, assuming *arguendo*, that Brown failed to establish such a claim. The trial court was vested with considerable discretion to consider both law and equity in determining whether to grant DSS' motion. *See, e.g., Maney v. Maney*, 126 N.C. App. 429, 431, 485 S.E.2d 351, 352 (1997) (in ruling on issues of child support, "trial court may consider the conduct of the parties, the equities of the given case, and any other relevant facts.").

The trial court's findings were supported by competent evidence in the record, and are therefore conclusive. The trial court's findings support its conclusion of law that equitable factors prohibited DSS from pursuing Brown for arrearages. DSS failed to show an abuse of the trial court's considerable discretion in denying the motion. Accordingly, we affirm the trial court's order.

Affirmed.

Judges MARTIN and TIMMONS-GOODSON concur.