STATE OF NORTH CAROLINA ON BEHALF OF TERESA GILLIKIN, PLAINTIFF V. DENNIS McGUIRE, DEFENDANT

No. COA04-1213

(Filed 1 November 2005)

**1. Child Support, Custody, and Visitation— deviation from Child Support Guidelines—failure to make findings**

The trial court erred by deviating from the presumptive child support guideline amount and setting $56 per month for ongoing child support payments, because (1) the trial court failed to make any finding regarding the reasonable needs of the child for support; and (2) this failure mandates a remand for further findings of fact.

**2. Child Support, Custody, and Visitation— prospective child support—findings of fact and conclusions of law required**

The trial court erred when it failed to order prospective child support from January 2002 (the month after the complaint was filed) through March 2004 (the month the court's order was entered), and the case is remanded to the lower court for further findings of fact and conclusions of law consistent with this opinion, because: (1) the court must make findings regarding the reasonable needs of the child for an award of prospective child support; and (2) if the trial court decides not to order prospective child support, it must show that it properly deviated from the Guidelines and include appropriate findings of fact to justify the deviation.

**3. Child Support, Custody, and Visitation— reimbursement for past paid public assistance—trial court's ability to consider equitable factors**

The trial court did not err in a child support case by failing to order defendant to reimburse the State of North Carolina for past paid public assistance given to the minor child in light of the trial court's ability to consider equitable factors in determining whether to order reimbursement where the trial court found that at the time plaintiff mother was receiving this assistance, other persons had been named as potential fathers of the minor child, and plaintiff mother waited over fifteen years before instituting this action against defendant.

Appeal by plaintiff from an order filed 28 April 2004, *nunc pro tunc* 24 February 2004 by Judge Jerry F. Waddell in Carteret County District Court. Heard in the Court of Appeals 10 May 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Brenda Eaddy, for the State, on behalf of plaintiff Teresa Gillikin.*

*Wheatly, Wheatly, Nobles, Weeks, Valentine & Lupton, P.A., by Stephen M. Valentine, for defendant Dennis McGuire.*

BRYANT, Judge.

The State of North Carolina, on behalf of Teresa Gillikin (plaintiff), appeals an order filed 28 April 2004, *nunc pro tunc* 24 February 2004. We reverse and remand to the trial court for further findings of fact and conclusions of law consistent with this opinion.

*Facts*

On 10 December 2001, a summons and complaint was filed by the State of North Carolina Child Support Enforcement Agency in Carteret County on behalf of plaintiff. Plaintiff is the mother of the minor child in this action. The complaint alleged that defendant was the biological father of the minor child and requested an adjudication of paternity. The complaint also requested child support, medical insurance coverage, and reimbursement to the State of North Carolina for its contribution to the support of this child in the form of past paid public assistance. Defendant timely answered the complaint and filed accompanying motions to dismiss.

This matter came for hearing at the 24 February 2004 civil session of Carteret County District Court with the Honorable Jerry F. Waddell presiding. By the date of trial the parties had obtained DNA genetic testing. The results showed the probability that defendant was the biological father of the minor child was 99.99 percent.

Both parties testified at the hearing. Plaintiff informed the court she was not working because she was disabled and received $680.00 per month in disability income. In addition, the minor child in this action received a payment of $139.00 per month due to plaintiff's disability and was on Medicaid for health insurance coverage. Defendant testified he also was not working because he was disabled. He informed the court he received approximately $1,038.00 per month in social security disability, and approximately $2,200.00 per month in veteran's disability pay.

Amy Oden, the Carteret County child support agent who manages this case, was the last to testify at this hearing. Oden informed the court the State was requesting child support beginning from the date of the filing of the complaint, and $4,694.00 in repayment of past paid public assistance which the State of North Carolina paid as a grant to plaintiff to assist her in supporting her minor child.

The trial court ruled it would not order repayment of past paid public assistance because during the time plaintiff was receiving these benefits other people had been named as potential fathers of the minor child. The trial court also found, that while prospective child support back to the date of the filing of the complaint is owed, the amount could not be determined because both plaintiff and defendant were receiving disability income. However, the trial court held that ongoing child support beginning on 1 March 2004 was appropriate and set the payment at the minimum amount of $56.00 per month. In addition, the trial court found defendant did not have to provide medical insurance coverage for the minor child but was required to cooperate with plaintiff in applying for social security benefits for the child. The State appealed on behalf of plaintiff.

On appeal, plaintiff raises the issues of whether the trial erred: (I) in its award of ongoing child support because it improperly deviated from the presumptive guidelines; (II) in its denial of prospective child support; and (III) in its denial of reimbursement to the State for past paid public assistance.

*I*

**[1]** Plaintiff first argues the trial court erred when it set ongoing child support payments at $56.00 per month because the trial court did not properly deviate from the presumptive child support guideline amount. Section 50-13.4(c) of the North Carolina General Statutes provides:

> The court shall determine the amount of child support payments by applying the presumptive guidelines established pursuant to subsection (c1) of this section. However, upon request of any party, the Court shall hear evidence, and from the evidence, find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support. If, after considering the evidence, the Court finds by the greater weight of the evidence that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate the Court may vary from the guidelines. If the court orders an amount other than the amount determined by application of the presumptive guidelines, the court shall make findings of fact as to the criteria that justify varying from the guidelines and the basis for the amount ordered.

N.C. Gen. Stat. § 50-13.4(c) (2003).

"Child support is to be set in such amount 'as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties.' " *Buncombe County ex rel. Blair v. Jackson*, 138 N.C. App. 284, 287, 531 S.E.2d 240, 243 (2000) (quoting N.C. Gen. Stat. § 50-13.4(c)). "Child support set consistent with the Guidelines is conclusively presumed to be in such amount as to meet the reasonable needs of the child and commensurate with the relative abilities of each parent to pay support." *Id.*

A court may deviate from the guidelines established pursuant to Chapter 50 in two situations: (1) when application of the guidelines does not meet or exceed the reasonable needs of the child; or (2) when application would be unjust or inappropriate. N.C.G.S. § 50-13.4(c) (2003). "If the trial court determines that the application of the guidelines would be inequitable or otherwise deviates from the guidelines, 'the court must hear evidence and find facts related to the reasonable needs of the child for support and the parents ability to pay.' " *Hendricks v. Sanks*, 143 N.C. App. 544, 549, 545 S.E.2d 779, 782

(2001) (quoting *Biggs v. Greer*, 136 N.C. App. 294, 297, 524 S.E.2d 577, 581 (2000)).

In the instant case, the trial court failed to make any finding regarding the reasonable needs of the child for support. This Court has previously held failure of the lower court to make findings regarding the reasonable needs of the child for support mandates remand for further findings of fact. *See Hendricks*, 143 N.C. App. at 549, 545 S.E.2d at 782; *State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 507 S.E.2d 591 (1998). Accordingly, we remand to the lower court for further findings of fact and conclusions of law consistent with this opinion. Whether the taking of additional evidence is necessary, we leave this matter in the lower court's discretion.

## II

[2] Plaintiff next argues the trial court erred when it failed to order prospective child support from January 2002, the next month after the Complaint was filed, up through March 2004, the month the court's order was entered. In its Paternity and Child Support Order, the trial court found while prospective child support back to the date of the filing of the complaint is owed, an amount could not be determined because both plaintiff-mother and defendant are receiving disability income.

Prospective child support is normally determined under the North Carolina Child Support Guidelines. *See Taylor v. Taylor*, 118 N.C. App. 356, 362, 455 S.E.2d 442, 446 (1995), *rev'd on other grounds*, 343 N.C. 50, 468 S.E.2d 33 (1996). As in Issue I, *supra*, for an award of prospective child support the court must make findings regarding the reasonable needs of the child for that support. *Id.* If the trial court decides not to order prospective child support, it must show that it properly deviated from the Guidelines and include appropriate findings of fact to justify the deviation. *Lukinoff*, 131 N.C. App. at 647, 507 S.E.2d at 595. Accordingly, we remand to the lower court for further findings of fact and conclusions of law consistent with this opinion.

## III

[3] Lastly, plaintiff argues the trial court erred by failing to order defendant to reimburse the State of North Carolina for past paid public assistance given to the minor child. "Acceptance of public assistance by or on behalf of a dependent child creates a debt, in the amount of public assistance paid, due and owing the State by the

responsible parent or parents of the child." N.C. Gen. Stat. § 110-135 (2003). In determining whether to grant reimbursement under N.C.G.S. § 110-135, the trial court is vested with "considerable discretion to consider both law and equity . . . ." *Moore County ex rel. Evans v. Brown*, 142 N.C. App. 692, 695, 543 S.E.2d 529, 531 (2001).

When ruling on issues of child support, the "trial court may consider the conduct of the parties, the equities of the given case, and any other relevant facts." *Maney v. Maney*, 126 N.C. App. 429, 431, 485 S.E.2d 351, 352 (1997). "Trial court orders regarding the obligation to pay child support are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Moore County ex rel. Evans*, 142 N.C. App. at 694-95, 543 S.E.2d at 531 (citations and internal quotations omitted). "Where trial is by judge and not by jury, the trial court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary." *In re Estate of Trogdon*, 330 N.C. 143, 147, 409 S.E.2d 897, 900 (1991).

In the instant case, the trial court held:

The court will not order the Defendant to reimburse the State of North Carolina any amount that had been paid out due to the fact that during the time that Plaintiff was receiving said benefits other people had been named as potential fathers of this minor child. The Court does not feel that it was fair to have this Defendant pay back said monies due to negligence on plaintiff's behalf.

At the hearing the trial court expressed its concern over the fact that Teresa Gillikin had named multiple persons as the minor child's father and waited over fifteen years before instituting this lawsuit against defendant. The trial court went on to hold:

the time when a lot of this past public assistance was accrued, was the same period of time when [Gillikin] had named somebody else [as the minor child's father]. Now, I'm supposed to say, "Oh, well, I'm just going to discount all of that and make [defendant] pay?" That's just not fair and I'm not going to do it.

In light of the trial court's ability to consider equitable factors in determining whether to order reimbursement, and in light of the highly deferential standard under which we must review its order,

we hold this evidence sufficient to show that the trial court's denial of plaintiff's request was not wholly unsupported by reason, or otherwise a manifest abuse of discretion. This assignment of error is overruled.

Affirmed in part, reversed and remanded in part.

Judges WYNN and JACKSON concur.