DANIEL BOONE AND REBECCA BOONE, PLAINTIFFS v. WILLIAM JACK ROGERS, DEFENDANT

No. COA10-426

(Filed 1 March 2011)

**Parties— necessary—tenants by the entirety**

    Judgment was improperly entered without a necessary party where a dispute arose over the dividing line between two properties, defendant's land was owned as tenants by the entirety with his wife, and she was not included as a party.

Appeal by defendant from order entered 20 October 2009 by Judge Danya Ledford Vanhook in District Court, Graham County. Heard in the Court of Appeals 26 October 2010.

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Esther E. Manheimer, for plaintiff-appellees.*

*Moody & Brigham. PLLC, by Fred H. Moody, Jr., for defendant-appellant.*

STROUD, Judge.

As the trial court entered an order without all of the necessary parties, we vacate and remand.

## I. Background

In defendant's brief, he states the procedural background, which plaintiffs adopt, as follows:

    At the time of the institution of this action, the Plaintiffs-Appellees owned a tract of land in the Cheoah Township of Graham County. *The Defendant-Appellant and his wife, who was not made a party to this action, owned* an adjoining tract or parcel of land. A dispute arose as to the correct dividing line between the lands of the Plaintiffs-Appellees and the Defendant-Appellant and the Plaintiffs-Appellees sued to establish ownership of their land and for trespass, punitive damages and attorney fees.

    The Defendant-Appellant answered the Plaintiffs-Appellees' Complaint and counterclaimed for title to the land claimed by the Defendant-Appellant *and his wife,* for trespass and for a declaratory judgment that the Plaintiffs-Appellees had no right or title to

a road crossing the lands of the Defendant-Appellant *and his wife*. This appeal involves only the issues concerning the Defendant-Appellant's Counterclaim for declaratory judgment that the Plaintiff-Appellees own no easement for a road across the land of the Defendant-Appellant *and his wife*.

. . . .

At trial, the Plaintiff-Appellees contended that the evidence presented established that they owned an easement by necessity and, at the close of all the evidence, the Plaintiffs-Appellees moved for a directed verdict, which motion was denied.

(emphasis added) (citations omitted).

The jury found, *inter alia*, that plaintiffs were not entitled to an easement. On 19 August 2009, plaintiffs filed a motion for, *inter alia*, judgment notwithstanding the verdict ("JNOV"). On 20 October 2009, the trial court, *inter alia*, granted plaintiffs' motion for JNOV.

### II. Necessary Party

In defendant's counterclaim, he alleges that he owns real property with his wife in fee simple absolute and that "the Plaintiffs claim to own some road right or easement over and across the lands[.]" Defendant alleges that his and his wife's property is described "in deed book 61 page 449 and deed book 78 at page 553 Office of the Register of Deeds for Graham County, North Carolina". Indeed, the deeds included in the record on appeal confirm that defendant and his wife, Wanda Rogers, own the real property as tenants by the entirety, and this real property is the land upon which plaintiffs claim the right to an easement.

Because the record reveals that Ms. Rogers, one of the owners of an undivided interest in the real property which is the subject of the dispute in this case, was not included as a party, we *ex mero motu* raise the issue of necessary parties. *See Rice v. Randolph*, 96 N.C. App. 112, 113, 384 S.E.2d 295, 296 (1989).

Rule 19 of the North Carolina Rules of Civil Procedure requires that those who are united in interest must be joined as plaintiffs or defendants. A person is united in interest with a party when that person's presence is necessary for the court to determine the claim before it without prejudicing the rights of a party or the rights of another who is not before the court. Necessary parties are those who have or claim material interests in the

subject matter of a controversy, and those interests will be directly affected by an adjudication of the controversy. When there is a absence of necessary parties, the trial court should correct the defect *ex mero motu* upon failure of a competent person to make a proper motion. A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void.

*Id.* at 113, 384 S.E.2d at 296-97 (citation and quotation marks omitted).

In *Rice,*

[p]laintiffs brought suit to enjoin defendants from interfering with plaintiffs' user rights in an easement or right of way created by deeds referencing a recorded plat of a subdivision in which the parties' land is located. Defendants raised abandonment of the easement as a defense and also counterclaimed for a declaration of their rights to the land described in their deed, which purported to convey fee ownership to a tract of land consisting of a portion of lot 1 in the subdivision as well as a portion of the easement. Defendants claimed ownership of that portion of the easement by virtue of seven years' adverse possession under color of title and, alternatively, by twenty years' adverse possession.

A jury answered the questions of abandonment and adverse possession in favor of defendants, and the trial court entered judgment decreeing defendants owners of the property described in their deed free and clear of any claims of plaintiffs to the right of way shown on the subdivision plat and further enjoining plaintiffs from interfering with or going upon defendants' property.

*Id.* at 112-13, 384 S.E.2d at 296. The plaintiffs in *Rice* appealed, but this Court determined it need not consider plaintiffs' issues as "the verdict and judgment must be vacated because necessary parties were absent from the action." *Id.* at 113, 384 S.E.2d at 296. This Court vacated and remanded the action for the joinder of necessary parties because

a dispute as to the extinguishment of a subdivision easement by abandonment or adverse possession cannot be resolved without the joinder of the grantor, or his heirs, who retain fee title to the soil and the record owners of lots in the subdivision, who have user rights in the easement. Those owners of interests in the easement have a material interest in the subject matter of the controversy, and their interest will be directly affected by the court's decision.

*Id.* at 114, 384 S.E.2d at 297.

Here, defendant and Ms. Rogers owned the real property as tenancy by the entirety.

> When land is conveyed or devised to a husband and wife as such, they take the estate so conveyed or devised, as tenants by the entirety, and not as joint tenants, or tenants in common. This tenancy by the entirety takes its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person. The estate rests upon the doctrine of the unity of person, and upon the death of one the whole belongs to the other, not solely by right of survivorship, but also by virtue of the grant which vested the entire estate in each grantee. These two individuals, by virtue of their marital relationship, acquire the entire estate, and each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof.

*Davis v. Bass*, 124 S.E. 566, 567-68 (N.C. 1924). Ms. Rogers, as one of the owners of an undivided interest in the real property, *see id.*, has a "material interest[] in the subject matter of a controversy, and [her] interests will be directly affected by an adjudication of the controversy." *Rice* at 113, 384 S.E.2d at 297. Therefore, we "vacate the verdict and judgment below and remand so that a new trial may be had upon joinder of all necessary parties." *Id.* at 114, 384 S.E.2d at 297.

### III. Conclusion

As judgment was improperly entered without a necessary party, we vacate and remand. As we are vacating and remanding the judgment, we need not consider defendant's contentions on appeal.

VACATED AND REMANDED.

Chief Judge MARTIN and Judge STEPHENS concur.