McGEE, Chief Judge.
 

 *247
 
 Blake J. Geoghagan ("Plaintiff") appeals from an equitable distribution judgment and order ("equitable distribution order") that,
 
 inter alia
 
 , limited the distributions and amount of compensation he could receive from Blake Bern Partners, Inc. ("BBPI"), a closely-held corporation he jointly owned with his then-wife, Bernadette M. Geoghagan ("Defendant"). Plaintiff also appeals from an
 
 *174
 
 order denying his motion for relief from the equitable distribution order, pursuant to the grounds
 
 *248
 
 for relief set out in N.C. Gen. Stat. § 1A-1, Rule 60 (" Rule 60 order"). We vacate both orders and remand for further proceedings.
 

 I.
 
 Background
 

 Plaintiff and Defendant were married on 5 April 1997. During their marriage, Plaintiff and Defendant each acquired fifty percent of the outstanding stock in BBPI, a Florida corporation "formed for the principal purpose of developing, opening and operating a series of franchised restaurants known as Five Guys Burgers and Fries" ("Five Guys") in Florida's panhandle region. BBPI was incorporated in 2006, and the corporation was the sole member of four limited liability companies (the "subsidiary LLCs"). Plaintiff acted as the manager of each of the subsidiary LLCs of which BBPI was a member.
 

 Plaintiff filed a complaint against Defendant on 15 October 2009 in Mecklenburg County District Court seeking,
 
 inter alia
 
 , custody of their four children, child support, and equitable distribution of the marital estate and other divisible property and debt. Defendant filed an answer on 11 January 2010, along with counterclaims for child custody, child support, post-separation support, alimony, equitable distribution of marital and divisible property and debts, and attorney's fees. A trial was conducted on Plaintiff's and Defendant's claims for equitable distribution in June and July of 2012, and the trial court entered the equitable distribution order on 12 December 2012. The equitable distribution order contains exhaustive findings of fact, conclusions of law, and orders on the debts and assets owned by Plaintiff and Defendant; we discuss only those relevant to the resolution of this appeal. The equitable distribution order contains numerous findings of fact regarding BBPI, including,
 
 inter alia
 
 , findings regarding the ownership of BBPI by Plaintiff and Defendant, the franchise and development agreement between Five Guys and BBPI, current operations of BBPI, and a valuation of BBPI.
 

 Due to Plaintiff's "hands on" operation of BBPI and his experience in the restaurant industry, the trial court distributed all of the shares of BBPI to Plaintiff. The trial court found as fact that an unequal distribution of marital and divisible property was equitable, and it was necessary for Plaintiff to pay a distributive award to Defendant in the amount of $997,494.46 primarily because "the [fair market value] of BBPI," which was distributed to Plaintiff, "[was] greater than the [fair market value] of all other items of property combined, and because BBPI is a closely-held business entity" that Plaintiff and Defendant could not "jointly own and operate ... in a cooperative manner." As the court had distributed BBPI to Plaintiff, it ordered Plaintiff to make "good faith efforts to substitute
 
 *249
 
 himself for [Defendant] as guarantor of all debts and obligations of BBPI," and further ordered Plaintiff to "indemnify [Defendant], and hold her harmless, from all liability relating to" a bank loan made to BBPI, all BBPI leases, all agreements between BBPI and its various vendors, and all other debts and liabilities of BBPI.
 

 If Plaintiff was unable to pay the $997,494.46 distributive award to Defendant by 15 April 2013, the trial court ordered that Plaintiff sell his ownership interests in BBPI to satisfy the award. The trial court further ordered that, "[u]ntil the distributive award is paid in full, [Plaintiff] shall not receive salary, bonuses, or other compensation from BBPI or [the subsidiary LLCs] in excess of $170,000.00 per year[,]" and that "[u]ntil the distributive award is paid in full, [Plaintiff] shall not receive any distributions from BBPI, except for reimbursement of expenses he incurs on behalf of BBPI, and except for repayment of loans from shareholder."
 

 Proceedings on Plaintiff's and Defendant's remaining claims continued in the ensuing years. On 9 June 2015, Plaintiff filed a motion for relief from the equitable distribution order pursuant to N.C.G.S. § 1A-1, Rule 60 (" Rule 60 motion"). In Plaintiff's Rule 60 motion, he contended,
 
 inter alia
 
 , that, although BBPI was never made a party to the proceedings, "the [trial court] exerted significant control over [BBPI's] assets and operations[,]" and he asked the trial court to vacate the equitable distribution order. The trial court entered an order denying Plaintiff's Rule 60 motion on 12 February 2016,
 
 *175
 
 finding that, although BBPI was never made a party to the proceedings, "the failure to join BBPI in the trial is an issue of law that should be properly addressed on appeal." Plaintiff appeals.
 

 II.
 
 Analysis: BBPI and the Subsidiary LLCs as Necessary Parties
 

 Plaintiff argues the equitable distribution order must be vacated because it commands BBPI and the subsidiary LLCs to refrain from taking certain actions without joining them as necessary parties to the proceedings. We agree. A "necessary party" is a party that "is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without [its] presence as a party."
 
 Booker v. Everhart
 
 ,
 
 294 N.C. 146
 
 , 156,
 
 240 S.E.2d 360
 
 , 365-66 (1978) (citations omitted). This Court has also described a necessary party as "one whose interest will be directly affected by the outcome of the litigation."
 
 Begley v. Employment Security Comm.
 
 ,
 
 50 N.C.App. 432
 
 , 438,
 
 274 S.E.2d 370
 
 , 375 (1981) (citations and quotation marks omitted). "When a complete determination of the matter cannot be had without the presence of other
 
 *250
 
 parties, the court must cause them to be brought in."
 
 Booker
 
 ,
 
 294 N.C. at 156
 
 ,
 
 240 S.E.2d at 366
 
 .
 

 In the present case, we find that BBPI and the subsidiary LLCs were necessary parties to the proceedings antecedent to the equitable distribution order. The equitable distribution order states that Plaintiff "shall not receive salary, bonuses, or other compensation from BBPI or [the subsidiary LLCs] in excess of $170,000.00 per year" and "shall not receive any distributions from BBPI," beyond those specifically listed in the order, "[u]ntil the distributive award is paid in full[.]" While couched in terms suggesting the equitable distribution order was directed at Plaintiff, the trial court clearly restricted the ability of BBPI and the subsidiary LLCs to act. Just as Plaintiff was not able to "receive salary, bonuses, or other compensation" in excess of $170,000.00, BBPI and the subsidiary LLCs were not able to pay salary, bonuses, or other compensation to Plaintiff above the listed amount; likewise, since Plaintiff was forbidden to "receive" a distribution from BBPI, BBPI could not issue a distribution to him.
 
 See
 

 Campbell v. Campbell
 
 ,
 
 241 N.C.App. 227
 
 , 232,
 
 773 S.E.2d 93
 
 , 96 (2015) (holding that where a corporation was "effectively ordered" to take certain actions without being joined as a party to the proceedings, the order must be vacated). Because "a complete determination" of Plaintiff's and Defendant's equitable distribution claims could not be reached without the presence of BBPI and the subsidiary LLCs, the trial court was required to cause them to be added as parties to the action.
 
 Booker
 
 ,
 
 294 N.C. at 156
 
 ,
 
 240 S.E.2d at 366
 
 .
 

 We recognize that BBPI is wholly owned by Plaintiff and Defendant, and the subsidiary LLCs are, in turn, owned by BBPI. However, "[a] corporation, even one closely held, is recognized as a separate legal entity ... [even when its members are] engaged in litigation which is personal in nature[.]"
 
 Quick v. Quick
 
 ,
 
 305 N.C. 446
 
 , 460,
 
 290 S.E.2d 653
 
 , 662 (1982). And as with a corporation, our courts "are not free, for the sake of convenience, to completely ignore the existence of a legal entity, such as [an] LLC."
 
 Keith v. Wallerich
 
 ,
 
 201 N.C.App. 550
 
 , 558,
 
 687 S.E.2d 299
 
 , 304 (2009). As this Court has held,
 

 where a separate legal entity has not been made a party to an action, the trial court does not have the authority to order that entity to act. Moreover, even where a named party to an action is a member-manager of an LLC, the assets of which are contested in a pending equitable distribution action, the trial court exceeds its authority when it orders that named party to transfer the assets of the LLC without first adding the LLC as a party to the action.
 

 *251
 

 Campbell
 
 ,
 
 241 N.C.App. at 231-32
 
 ,
 
 773 S.E.2d at 96
 
 (citation and internal brackets omitted). Thus, although BBPI was a closely-held corporation owned by Plaintiff and Defendant, and the subsidiary LLCs owned by BBPI were managed by Plaintiff, the trial court was not free to ignore the corporate form nor the existence of the subsidiary LLCs when entering the equitable distribution order.
 

 *176
 
 We note in the present case that, unlike in
 
 Campbell
 
 , neither Plaintiff nor Defendant ever sought to add BBPI or the subsidiary LLCs as parties to the equitable distribution proceedings. However, N.C. Gen. Stat. § 1A-1, Rule 19 requires that an entity united in interest
 
 [1]
 
 "must be joined as [a] plaintiff[ ] or defendant[ ]." N.C. Gen. Stat. § 1A-1, Rule 19 (2015). This requirement applies regardless of whether a party to the lawsuit has properly moved for joinder of the necessary party:
 

 When there is [an] absence of necessary parties, the trial court should correct the defect
 
 ex mero motu
 
 upon failure of a competent person to make a proper motion. A judgment which is determinative of a claim arising in an action in which necessary parties have not been joined is null and void.
 

 Boone v. Rogers
 
 ,
 
 210 N.C.App. 269
 
 , 271,
 
 708 S.E.2d 103
 
 , 105 (2011) (citation omitted). Pursuant to
 
 Boone
 
 , it was necessary for the trial court in this matter to
 
 ex mero motu
 
 join BBPI and the subsidiary LLCs before ordering them to refrain from paying Plaintiff more than a certain amount in annual compensation, and before restricting whether BBPI could make a distribution to Plaintiff. Therefore, the equitable distribution order is "null and void" due to the absence of necessary parties.
 

 Id.
 

 III.
 
 Conclusion
 

 For the reasons stated, the trial court's equitable distribution order is vacated. We decline to address Plaintiff's alternative arguments as to why the equitable distribution order was entered in error.
 
 See
 

 McCraw v. Aux
 
 ,
 
 205 N.C.App. 717
 
 , 721,
 
 696 S.E.2d 739
 
 , 741 (2010) ("As a necessary party was not properly joined we refuse to deal with the merits of the action until the necessary party is brought into the action." (citation and internal quotation marks omitted)). In light of this result, we also
 
 *252
 
 vacate the trial court's Rule 60 order as moot.
 
 See
 

 Khwaja v. Khan
 
 ,
 
 239 N.C.App. 87
 
 , 92,
 
 767 S.E.2d 901
 
 , 904 (2015) (vacating a Rule 60 order as moot when the order from which the movant sought relief through the Rule 60 motion had been reversed).
 

 This case is remanded for
 
 ex mero motu
 
 joinder of BBPI and the subsidiary LLCs as necessary parties. Following joinder of the necessary parties, the trial court shall conduct further proceedings, as appropriate, regarding Plaintiff's and Defendant's equitable distribution claims.
 

 VACATED AND REMANDED.
 

 Judges DAVIS and MURPHY concur.
 

 [1]
 

 A person or entity "is 'united in interest' with another party when that person's [or entity's] presence is necessary in order for the court to determine the claim before it without prejudicing the rights of a party before it or the rights of others not before the court."
 
 Ludwig v. Hart
 
 ,
 
 40 N.C.App. 188
 
 , 190,
 
 252 S.E.2d 270
 
 , 272 (1979).