MURPHY, Judge, concurring in part and dissenting in part.
I concur in the portions of the Majority's opinion concluding: (1) Gentry Kirby ("Kirby") was a necessary party for the alternate money judgment entered against him; (2) the trial court properly distributed certain marital debts to Defendant; and (3) the trial court made proper findings for a distributive award. However, I respectfully dissent in regard to the Majority's determination that neither CKE Properties, Inc. ("CKE") nor Kirby were otherwise necessary parties.[7]
"A 'necessary party' is a party that 'is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without its presence as a party.' " Geoghagan v. Geoghagan , --- N.C.App. ----, ----, 803 S.E.2d 172, 175 (2017) (quoting Booker v. Everhart , 294 N.C. 146, 156, 240 S.E.2d 360, 365-66 (1978) ). "This Court has also described a necessary party as 'one whose interest will be directly affected by the outcome of the litigation.' " Id. at ----, 803 S.E.2d at 175 (quoting Begley v. Emp't Sec. Comm. , 50 N.C.App. 432, 438, 274 S.E.2d 370, 375 (1981) ).
We recently addressed necessary parties in an equitable distribution action in Geoghagan . --- N.C.App. ----, 803 S.E.2d 172. In that case, plaintiff and defendant owned an incorporated business, which was the sole member of four limited liability companies (subsidiary LLCs).
*286 Id. at ---- 803 S.E.2d at ----. Plaintiff "acted as the manager of each of the subsidiary LLCs of which [the corporation] was a member." Id. at ----, 803 S.E.2d at 174. The trial court distributed all of the shares of the corporation to plaintiff and ordered plaintiff to pay a distributive award. Id. at ----, 803 S.E.2d at ----. Additionally:
[a]s the court had distributed [the corporation] to [p]laintiff, it ordered [p]laintiff to make "good faith efforts to substitute himself for [defendant] as guarantor of all debts and obligations of [the corporation]," and further ordered [p]laintiff to "indemnify [defendant], and hold her harmless, from all liability relating to" a bank loan made to [the corporation], all [of the corporation's] leases, all agreements between [the corporation] and its various vendors, and all other debts and liabilities of [the corporation].
Id. at ----, 803 S.E.2d at 174. The trial court further ordered the corporation to not pay plaintiff any salary, bonuses, or other compensation above a sum certain until plaintiff paid the distributive award. Id. at ----, 803 S.E.2d at ----.
On appeal, plaintiff argued the corporation and subsidiary LLCs were necessary parties. Id. at ----, 803 S.E.2d at ----. This Court stated "[w]hile couched in terms suggesting the equitable distribution order was directed at [p]laintiff, the trial court clearly restricted the ability of [the corporation] and the subsidiary LLCs to act." Id. at ----, 803 S.E.2d at 175. Accordingly, we held the corporation and subsidiary LLCs were necessary parties *340 and vacated and remanded the order. Id. at ----, 803 S.E.2d at ----.
The Majority concludes the trial court did not distribute the property at 14212 Stewart's Bend and 14228 Stewart's Bend as part of the marital estate and, instead, merely considered the separate property in distributing the marital estate. I disagree. Instead of considering the separate property, the trial court improperly restricted the abilities and rights of CKE and Kirby. Pursuant to the equitable distribution judgment and order, CKE must list the property at 14212 Stewart's Bend and pay proceeds to Defendant. Additionally, Kirby must transfer title of 14228 Stewart's Bend to Plaintiff, although the trial court determined this property was Plaintiff's separate property. While, initially, the trial court seemingly only considered the 14228 Stewart's Bend property as part of the distributive award, the trial court concluded by ordering Plaintiff to list the property and take all efforts to sell the home for fair market value. Based on these orders, CKE's and Kirby's "interest[s] will *287 be directly affected by the outcome[.]" Begley , 50 N.C.App. at 438, 274 S.E.2d at 375 (citation omitted).
While I agree Nicks v. Nicks , 241 N.C.App. 487, 774 S.E.2d 365 (2015) and Dechkovskaia v. Dechkovskaia , 232 N.C.App. 350, 754 S.E.2d 831 (2014) govern when the trial court distributes property owned by a third party as marital property, and that is not the distribution issue at hand here, nonetheless, the trial court entered an equitable distribution judgment and order affecting the rights and interests of parties not joined in the action.
This error is exemplified by the Majority's analysis of the transfers to CKE and Kirby under Chapter 39, Article 3a of the North Carolina General Statutes, the Uniform Fraudulent Transfer Act, ("UFTA") (now the Uniform Voidable Transactions Act). The Majority goes to great length to illustrate that the transfers fall within the UFTA, and I agree with the analysis contained therein, but the Majority does not cite a single case where a transfer was rescinded without the transferee being a party to the litigation. By requiring non-parties to act and effectively rescind the transfers, the trial court has permanently barred CKE and Kirby from raising any defenses or protections they may have under N.C.G.S. §§ 39-23.8 (2015) or 39-23.9(3) (2015). More troubling is the fact that if CKE or Kirby had been properly joined, they could have exercised their rights to a jury trial in accordance with Article I, § 25 of the North Carolina Constitution. N.C. Const. art. I, § 25.
CKE and Kirby are necessary parties to this action, and as in Geoghagan , the trial court lacked the power to require their action or affect their rights without first being joined as parties. The trial court's error is compounded by the fact that it prevents non-parties from raising defenses and protections under the UFTA or exercising their constitutional rights to a jury trial. Accordingly, I would vacate and remand the trial court's order for further proceedings that do not require the actions of or affect the rights of non-parties, or for joinder of the necessary parties.

Although the Majority concluded Kirby was a necessary party in regard to the alternate money judgment entered against him, the Majority concluded Kirby was not a necessary party in regard to the transfer of deed for his property at 14228 Stewart's Bend.