IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-651

Filed 05 July 2023

Hoke County, No. 18 CVD 756

JACOB GAVIA, Plaintiff,

v.

MIKEN GAVIA, Defendant.

Appeal by defendant from order entered 19 April 2022 by Judge Stephen A. Bibey in Hoke County District Court. Heard in the Court of Appeals 8 February 2023.

*No brief filed for plaintiff-appellee mother.*

*Jody Stuart Foyles for defendant-appellant father.*

STADING, Judge.

Miken Gavia ("mother") appeals from an order entered in Hoke County District Court awarding her joint child custody and monthly child support.

## I.    Background

Mother and Jacob Gavia ("father") married on 16 July 2011 and have two minor children together. On 8 October 2018, father filed for divorce, child custody, child support, equitable distribution, and attorney's fees. Mother answered and counterclaimed for the same. The trial court subsequently entered an order granting father's claim for absolute divorce. Mother has since remarried. A hearing was held on 13 April 2022 to determine child custody and child support. After the hearing, the

trial court entered an "order on permanent child custody and child support" on 19 April 2022. Thereafter, mother filed her notice of appeal.

## II. **Jurisdiction**

The 19 April 2022 order fully resolves the issues of child custody and child support, and no other claims remain pending. Therefore, our Court has jurisdiction to hear this appeal pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. **Analysis**

On appeal, we address: (1) whether findings of fact nos. 12, 13, 15, 16, 17, 18, and 19 are supported by competent evidence, (2) whether the trial court erred in ordering child support in the amount of $461.00 per month, (3) whether a valid consent order existed between the parties, and (4) whether the trial court erred by failing to order arrears.

### A. **Findings of Fact Nos. 12, 13, 15, 16, 17, 18, and 19**

"The trial court is given broad discretion in child custody and support matters" and the court's "order will be upheld if substantial competent evidence supports the findings of fact." *Meehan v. Lawrence*, 166 N.C. App. 369, 375, 602 S.E.2d 21, 25 (2004) (citation omitted). Thus, on appeal, this Court must determine "whether a trial court's findings of fact are supported by substantial evidence [and also] must determine if the trial court's factual findings support its conclusions of law." *State v. Smart*, 198 N.C. App. 161, 165, 678 S.E.2d 720, 723 (2009) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Shipman v. Shipman,* 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citation omitted).

### 1. *Findings of Fact Nos. 12, 13, 15, 16, and 17*

We first consider mother's argument that findings of fact nos. 12, 13, 15, 16, and 17 are not supported by competent evidence. Mother maintains that the record lacks evidence to support the dollar amounts in each cited finding. In relevant part, the trial court's order contained the following findings of fact:

> 12. That Plaintiff father is employed with Lee Electric with a monthly gross income of $7,494.00.
>
> 13. That Defendant mother is employed with a law firm with a monthly gross income of $2,665.00.
>
> . . .
>
> 15. That Plaintiff father provides monthly healthcare premium expenses for the minor children in the amount of $270.90.
>
> 16. That Plaintiff father provides monthly daycare expenses for the minor children in the amount of $967.50.
>
> 17. That based upon Worksheet B of the North Carolina Child Support Guidelines, the recommended child support amount of $461.00 payable from Plaintiff father to Defendant mother.

At trial, both parties testified to approximations of their monthly incomes. Father testified that he made between $4,000 and $5,000 monthly before taxes. Mother testified that she made $2,800 monthly before taxes, and her annual salary was $37,000. Mother gave the only testimony about insurance, stating that "[father]

carries the insurance through his employer." Any testimony about daycare only referenced times, explaining that it was before and after school. No other evidence contradicted this testimony from either party.

The only evidence of the parties' respective incomes is the unrebutted testimony of each witness providing general dollar amounts of the earnings before taxes that do not match the gross incomes found by the trial court. Other than the fact that "[father] carries the insurance through his employer," there is no evidence of the amount paid as found in the trial court's order. Likewise, there was no evidence of the amount paid for daycare expenses. Consequently, there is no evidence to support the trial court's inputs resulting in "the recommended child support amount of $461.00 payable from . . . father to . . . mother." If documents substantiating income and expenses were produced to the trial court, they were not admitted into evidence. Thus, there is not substantial evidence adequate to support these contested findings of fact. Accordingly, we vacate the order and remand to the trial court. "On remand, the trial court, in its discretion, may enter a new order based on the existing record, or may conduct further proceedings including a new evidentiary hearing if necessary." *Jain v. Jain*, 284 N.C. App. 69, 77, 874 S.E.2d 663, 669 (2022) (citation omitted).

## 2. *The Trial Court's Finding of Fact No. 19*

Next, we consider mother's argument that competent evidence does not support finding of fact no. 19, that requires her current husband—a nonparty to the

suit—to provide medical insurance to the parties' children. At the 13 April 2022 hearing, mother testified that her current husband was a member of the military. Subsequently, the trial court announced in its ruling:

> In regards to mom being married now to a military member . . . because . . . I have ordered that there is continued legal as well as shared custody would mean that these two children would be available to be registered [in DEERS] through your spouse's insurance and a program in . . . TRICARE . . . and . . . would be eligible for supplemental insurance to the insurance coverage meaning that you will still have the primary responsibility, but should for some reason or another . . . his company doesn't provide the opportunity, you're still under the obligation.

The trial court memorialized this portion of its ruling as finding of fact no. 19 in its order:

> 19. That Defendant mother shall, through her military husband, enroll the minor children into the DEERs system so that they may be enrolled into Tricare for supplemental insurance coverage. Defendant mother shall provide Plaintiff father with any identification cards or health insurance information necessary to allow Plaintiff father to utilize such coverage.

"Generally, a judgment is in a form that contains findings, conclusions, and a decree. The decretal portion of a judgment is that portion which adjudicates the rights of the parties." *Spencer v. Spencer*, 156 N.C. App. 1, 13–14, 575 S.E.2d 780, 788 (2003) (citation omitted). Comparatively, "[f]indings of fact are statements of what happened in space and time." *Dunevant v. Dunevant*, 142 N.C. App. 169, 173, 542 S.E.2d 242, 245 (2001) (citation omitted). Finding of fact no. 19 contains an

*"unequivocal directive"* that mother's new husband "enroll [the parties' child] into Tricare." *Spencer*, 156 N.C. App. at 14, 575 S.E.2d at 788. Thus, although this directive was listed as a finding of fact, it is properly classified as a decree of the trial court.

Regardless of the classification of finding of fact no. 19, for judicial efficiency on remand, we first address whether the trial court erred by decreeing an unequivocal directive to a nonparty. At the hearing, mother's testimony indicated that she was a dependent on her current husband's health insurance. Therefore, this decree listed as finding of fact no. 19 commanded mother's current husband—an individual not named as a party in the pending litigation—to act pursuant to the trial court's order. In *Geoghagan v. Geoghagan*, this Court stated that a "necessary party is a party that is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without [its] presence as a party." 254 N.C. App. 247, 249–50, 803 S.E.2d 172, 175 (2017) (internal quotation marks and citation omitted). This Court has also described a necessary party as "one whose interest will be directly affected by the outcome of the litigation." *Id.* (internal quotation marks and citation omitted). While couched in terms suggesting the order was directed at mother, the trial court's decree required her current husband to obtain supplemental health insurance through his employer and assume any resulting financial implications. Therefore, her current husband is

a necessary party since his interests are directly affected by the outcome of the litigation.

Assuming *arguendo*, that mother's current husband was a party to the current suit, N.C. Gen. Stat. § 50-13.4(b) (2023) provides that "the judge may not order support to be paid by a person who is not the child's parent or an agency, organization or institution standing in loco parentis absent evidence and a finding that such person, agency, organization or institution has voluntarily assumed the obligation of support in writing." Moreover, if found to be liable, "any other person, agency, organization or institution standing in loco parentis shall be secondarily liable for such support." *Id.* Accordingly, in North Carolina, a stepparent can voluntarily assume secondary child support obligations if the evidence supports finding they are *in loco parentis* to a child. "The term 'in loco parentis' has been defined by this Court as a person in the place of a parent or someone who has assumed the status and obligations of a parent without a formal adoption." *Duffey v. Duffey*, 113 N.C. App. 382, 384–85, 438 S.E.2d 445, 447 (1994) (citations omitted) (finding that defendant— a party to the suit—stood *in loco parentis* by voluntarily assuming obligations to support his stepchildren). However, absent such evidence and findings, there is no duty for a person to support stepchildren. *Id.*

In the present matter, the record does not contain any evidence that would permit a finding that mother's current husband assumed *in loco parentis* status of the parties' children. Nonetheless, at this juncture, an inquiry of this nature is

premature in the absence of the necessary party. In its current form, the trial court's order directs a nonparty to act, and the trial court lacked the power to require his action or affect his rights without him first being joined as a party. *See Geoghagan*, 254 N.C. App. at 250, 803 S.E.2d at 175. Accordingly, we vacate and remand the trial court's order for further proceedings that: (1) do not require the actions of or affect the rights of a nonparty, or (2) for joinder of the necessary party. *See id.*

### 3. *Finding of Fact No. 18*

While mother's headings in her brief and her proposed issues on appeal indicate that she assigns error to finding of fact no. 18, her brief contains no argument against it. Thus, this Court will consider any issue she asserts for finding of fact no. 18 as abandoned, and the finding will be deemed conclusive on appeal. N.C. R. App. P. 28(b)(6) (2023); *Inspirational Network, Inc. v. Combs,* 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998).

### B.    Decree of Child Support Amount

In mother's next assignment of error, she maintains that the trial court erred by ordering child support in the amount of $461.00 per month. "Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." *Leary v. Leary*, 152 N.C. App. 438, 441–42, 567 S.E.2d 834, 837 (2002) (citations omitted). When determining whether the trial court erred in the award of

child support, "the trial court's ruling will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.*

Here, the trial court's order decrees "[t]hat . . . father shall pay as permanent child support to . . . mother the sum of $461.00 per month for child support[.]" Mother argues that this amount ordered by the trial court is unsupported by competent evidence. As stated above in subsection A, there is not substantial evidence to support the trial's court's findings of fact. As explained by our Supreme Court:

> Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). Since this Court can only consider evidence on the record, and the findings of fact were not supported by evidence, we are precluded from ruling on this issue at this time. N.C. R. App. 3(c)(1) (2023).

## C. <u>Valid Consent Orders</u>

Next, we consider mother's argument that the parties did not enter into a valid consent order. The record shows that after testimony but just before announcing its ruling, the trial court took a short break to speak with counsel in chambers. There is no recitation in the record of the contents of the conversation. While we can speculate

that the parties crafted an oral agreement, our "review is solely upon the record on appeal." N.C. R. App. P. 3(c)(1). Upon announcing its ruling, the trial court recalled that mother made a salary of $37,000 but "is to provide proof of her actual income to her . . . attorney," and father is "to provide the actual gross income to his attorney." Also, upon referencing health insurance, the trial court appeared to address father by saying "you will still have the primary responsibility," to which father responded in the affirmative. Following another recess, the trial court inquired if "counsel had an opportunity to discuss . . . the proposed order [with their clients]." In response, father's attorney stated, "Yes . . . we worked on child support during the break. We have provided proof of income to both parties and we will report . . . that the child support amount is $461 payable by . . . father to . . . mother beginning May 1st." Then, the trial court asked the attorneys if "by consent they're agreeing to a permanent child support order being entered?" Attorneys for both parties responded in the affirmative.

The validity of a consent judgment rests upon the "unqualified consent" of the parties, and the judgment is void if such consent does not exist at the time the court approves the agreement and promulgates it as a judgment. *Rockingham Cnty. DSS ex rel. Walker v. Tate*, 202 N.C. App. 747, 750, 689 S.E.2d 913, 916 (2010) (citation omitted). "The parties' failure . . . to acknowledge their continuing consent to the proposed judgment, before the judge who is to sign the consent judgment, subjects the judgment to being set aside on the ground the consent of the parties was not

subsisting at the time of its entry." *Id.* In *Tevepaugh v. Tevepaugh*, this Court found that an agreement was not to become a judgment "*until* it was signed by the presiding judge and the judge was not to sign it *until* he had reviewed it with the parties and each of them had acknowledged they understood the legal effect of the [a]greement." 135 N.C. App. 489, 493, 521 S.E.2d 117, 120–21 (1999) (emphasis original).

On 13 April 2022, the trial court announced portions of its ruling in open court with both parties present. Subsequently, father's attorney prepared and signed the proposed order with the words "approved via fax + text 4/18/22" in the signature block for mother's attorney. The signatures of either party do not appear on the order. This proposed order contained income and expenditure amounts which were not reviewed with or acknowledged by the parties in the trial court. It is unclear from the appellate record whether the trial court intended the order to be a valid consent judgment. However, in any event, neither the transcript of the 13 April 2022 proceeding, nor the four corners of the order, permit us to find unqualified consent by the parties. Thus, as to the decree of support from father to mother in the amount of $461.00, absent findings of fact founded by substantial evidence and factual findings supporting a resulting conclusion of law, or a valid consent order between the parties, the trial court erred by ordering that amount of child support. On remand, if the parties wish to enter a consent order, they may do so consistent with existing precedent.

### D.    Prospective Child Support

Lastly, mother argues that the trial court erred in not ordering prospective child support. After the hearing, there was a discussion between the trial court and attorneys agreeing that "there are no arrears." In the decretal portion of the order, the trial court declined to order "arrears" to mother. Arrears is defined as "[a]n unpaid or overdue debt." *Arrears*, *Black's Law Dictionary* (7th ed. 1999). In North Carolina, there are two types of child support arrears. Retroactive support, or prior maintenance, is child support ordered for a period of time before a complaint is filed. *Briggs v. Greer,* 136 N.C. App. 294, 300, 254 S.E.2d 577, 586 (2000) (citation omitted). This is available when a custodial parent seeks reimbursement from the noncustodial parent for expenditures made on behalf of a child before the action was commenced, in which case "the trial court must set out specific findings of fact in a reimbursement award for retroactive support." *Id.* (citation omitted). Mother did not seek such reimbursement in this matter. Since prior maintenance was not requested, the trial court's use of the term arrears necessarily referred to prospective child support. Prospective child support includes the portion of the child support award representing "that period from the time a complaint seeking child support is filed to the date of trial." *State v. Hinton*, 147 N.C. App. 700, 706, 556 S.E.2d 634, 639 (2001) (citation omitted).

"If the trial court decides not to order prospective child support, it must show that it properly deviated from the Guidelines and include appropriate findings of fact

to justify the deviation." *State ex rel. Gillikin v. McGuire*, 174 N.C. App. 347, 351, 620 S.E.2d 899, 902–03, 2005 (citation omitted). Since finding of fact no. 12 held that "there at no arrears," and child support began "before the 1st day of May 2022, and a like sum shall be paid on or before the 1st day of each consecutive month thereafter," the trial court did not order prospective child support. Mother requested child support in her answer filed 17 December 2018. Father provided child support in the amount of $313.68 starting on 1 September 2019. Even so, there are no findings in the trial court's order to support a deviation from the North Carolina Child Support Guidelines. Accordingly, we remand to the trial court for further findings of fact and conclusions of law consistent with this opinion.

## IV.   Conclusion

Accordingly, we vacate the trial court's order for the reasons set forth above. "On remand, the trial court, in its discretion, may enter a new order based on the existing record, or may conduct further proceedings including a new evidentiary hearing if necessary." *Jain*, 284 N.C. App. at 77, 874 S.E.2d at 669.

VACATED AND REMANDED.

Judges MURPHY and HAMPSON concur.